**LAW OFFICES OF  RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

***Attorneys for Plaintiff and the Proposed Class***

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

KEVIN BRANCA, on behalf of himself and all others similarly situated,

Plaintiff,

v.

BAI BRANDS, LLC, a New Jersey Limited Liability Company,

Defendant.

Case No:  **'18 CV 0757 BEN KSC**

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

# **TABLE OF CONTENTS**

I.      JURISDICTION AND VENUE .................................................................1

II.     NATURE OF THE ACTION ....................................................................2

III.    PARTIES ...................................................................................................3

IV.     FACTUAL ALLEGATIONS ....................................................................4

A.      Defendant Does Not Disclose That the Products are Artificially Flavored. .............4

B.      Defendant's Competitors Label Their Products Lawfully. .....................................10

C.      Plaintiff's Purchases of the Products .......................................................................10

V.      DELAYED DISCOVERY ......................................................................12

VI.     CLASS ACTION ALLEGATIONS ........................................................12

VII.    CAUSES OF ACTION ...........................................................................15

        First Cause of Action: Violation of the CLRA ..........................................15

        Second Cause of Action: Violation of the UCL, Unlawful Prong .........................16

        Third Cause of Action: Violation of the UCL, Unfair Prong ................................17

        Fourth Cause of Action: Violation of False Advertising Law ...............................20

        Fifth Cause of Action: Breach of Express Warranty .............................................20

        Sixth Cause of Action:  Breach of Implied Warranty .............................................21

        Seventh Cause of Action:  Negligent Misrepresentation .........................................23

        Eighth Cause of Action:  Fraud By Omission ..........................................................24

VIII.   PRAYER FOR RELIEF ..........................................................................24

IX.     JURY DEMAND .....................................................................................25

CLASS ACTION COMPLAINT

Kevin Branca ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, hereby brings this action against Bai Brands, LLC, ("Bai" or "Defendant"), and upon information and belief and investigation of counsel, alleges as follows:

## I.   <u>JURISDICTION AND VENUE</u>

1.     Plaintiff brings this proposed class action in this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005).

2.     This Court has subject matter jurisdiction over this proposed class action under CAFA, which provides the federal courts with original jurisdiction over any class action in which any member of the plaintiff class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5 million exclusive of interest and costs.

3.     Minimal diversity as required by 28 U.S.C. §§ 1332(a)(1), (d)(2)(A) is satisfied as the plaintiff is a citizen of California and Bai is a citizen of New Jersey.

4.     The jurisdictional amount in controversy is satisfied. Plaintiff alleges on information and belief that the total claims of the members of the proposed Class in this action are in excess of $5 million in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

5.     This matter is not a "local controversy" pursuant to 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges on information and belief that more than two-thirds of all of the members of the proposed Plaintiff Class are citizens of states other than California, where this action is filed, and that the proposed Class contains more than 100 persons.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because, as set forth below, Defendant conducts business in this district, and Plaintiff purchased the subject Products of this action in this judicial district. Defendant conducts business and engages in substantial transactions here, and many of the transactions

complained of herein occurred in this district including specifically the transactions between Plaintiff and Defendant Bai.

7.  The Court has personal jurisdiction over Defendant because the company has affirmatively established and maintained contacts with the State of California at all relevant times.

8.  Bai sells the Products to California consumers in retail outlets in California.

9.  Defendant has sufficient minimum contacts with this State and sufficiently avail themselves of the markets of this State through the promotion, sales, and marketing of the Products within the State to render the exercise of jurisdiction by this Court reasonable.

10.  Venue is proper in this County because Defendant conducts business here, engages in substantial transactions in this County, and many of the transactions complained of herein occurred in this County including specifically the transactions between Plaintiff and Defendant Bai and many of the transactions between Defendant and the Class.

## II.  NATURE OF THE ACTION

11.  This is a national consumer class action for violations of warranty and consumer protection laws, with a California consumer sub-class specifically for violation of California consumer protection laws.

12.  Defendant manufactures, distributes, advertises, markets, and sells a variety of fruit-flavored beverage products, including beverage products labeled "Bai Antioxidant Infusion Brasilia Blueberry," "Bai Antioxidant Infusion Ipanema Pomegranate," "Bai Antioxidant Infusion Malawi Mango," "Bai Bubbles Sparkling Antioxidant Infusion Bolivia Black Cherry," and "Bai Bubbles Sparkling Antioxidant Infusion Jamaica Blood Orange."  A full list of flavors included in this action is included in the Table 1 that appears in paragraph 58 of this Complaint. These beverage products are referred to collectively as the "Products."

CLASS ACTION COMPLAINT

13.     The Products' labeling is false and misleading and the Products are therefore misbranded under California law and each state's common-law consumer protection laws.

14.     The Products are labeled as if they contain only natural ingredients and are flavored only with natural ingredients when the Products in fact contain undisclosed artificial flavors in violation of state and federal law.

15.     Defendant's packaging, labeling, and advertising scheme is intended to give consumers the impression that they are buying a premium, all-natural product with only natural flavoring ingredients instead of a product that is artificially flavored.

16.     Plaintiff, who was deceived by Defendant's unlawful conduct and purchased the Products in California, brings this action on his own behalf and on behalf of both national consumers and California consumers to remedy Defendant's unlawful acts.

17.     On behalf of the Class and sub-class as defined herein, Plaintiff seeks an order compelling Defendant to, *inter alia*: (1) cease packaging, distributing, advertising and selling the Products in violation of U.S. FDA regulations and California consumer protection and state common law; (2) re-label or recall all existing deceptively packaged Products; (3) conduct a corrective advertising campaign to fully inform consumers; (4) award Plaintiff and other Class members restitution, actual damages, and punitive damages; and (5) pay all costs of suit, expenses, and attorney fees.

### III.   **PARTIES**

18.     Defendant Bai Brands, LLC ("Bai") is a New Jersey Limited Liability Company with its principal place of business at 1800 East State Street, Suite 153, Hamilton, New Jersey. Bai is registered with the New Jersey Secretary of State to do business under entity number 0400313967.

19.     Defendant licenses, manufactures, packages, advertises, markets, distributes, and sells the Products in California and throughout the United States.

20.     Plaintiff Kevin Branca is a resident and citizen of San Diego County, California, and purchased the Products multiple times in San Diego and southern California for personal and household consumption.

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   FACTUAL ALLEGATIONS

### A. Defendant Does Not Disclose That the Products are Artificially Flavored.

21.   Defendant's labeling and advertising scheme is deliberately intended to give consumers false the impression that the Products are composed only of natural fruits and fruit juices and not artificially flavored as they actually are.

22.   The image below is a true and accurate reproduction of the front label of one of the Products, taken from Defendant's website and advertising for the Products.[1]



_____

[1]https://www.drinkbai.com/products/brasilia-blueberry; last visited Apr. 17, 2018.

CLASS ACTION COMPLAINT

23.     This Product label, for the "Brasilia Blueberry" beverage product for example, shows a pictorial representation of ripe fresh blueberries.

24.     Other Products, named and labeled for other natural fruits and fruit combinations, show similar pictures of the ripe natural fruits the Products are purportedly exclusively flavored by.

25.     The labeled names, such as "Malawi Mango," "Sumatra Dragonfruit," and "Bolivia Black Cherry," along with these pictorial representations on each label, imply to the consumer by operation of law that the Products consist of and are flavored only with natural juices and fruit flavors.

26.     All of the Products, however, contain a synthetic chemical flavoring compound identified as "malic acid."

27.     This "malic acid" is a synthetic chemical that makes manufactured food products taste like fresh fruit - like blueberries, mangos, or cherries, for example.

28.     The Products' labels violate California and federal statute and state common law in multiple regards.

29.     First, because each Product contains additional flavoring ingredients that simulate and reinforce the characterizing flavor, the front label is required by law to disclose those additional flavors rather than misleadingly suggest that the Product is flavored only by natural fruit juices. Cal. Health & Saf. Code § 109875 *et seq.*, (Sherman Law), incorporating 21 C.F.R. § 101.22.[2]

30.     Second, the Products' ingredient list violates federal and state law because it misleadingly identifies the malic acid flavoring ingredient only as the generic "malic acid" instead of using the specific, non-generic name of the ingredient.  *See* 21 C.F.R.

_____

[2] California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Saf. Code § 109875 *et seq.*, incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act. An act or omission that would violate an FDCA regulation necessarily therefore violates California's Sherman Law. *Id.* at § 110100. Regulatory citations in the text are to California's Sherman Law and reference the corresponding federal regulation for convenience.

CLASS ACTION COMPLAINT

§ 101.4(a)(1).

31.     Even more deceptive, however, is the fact that the Products, rather than being flavored only with natural juices and flavors as the labels suggest, contain an undisclosed artificial flavor made from petrochemicals. Defendant conceals this fact from consumers.

32.     Defendant adds a synthetic industrial chemical called d-l-malic acid,[3] in the form of a racemic mixture of d- and l-isomers, to flavor the Products and make them taste like fresh fruit.

33.     This "malic acid" is not naturally-occurring but is in fact manufactured in petrochemical plants from benzene or butane—components of gasoline and lighter fluid, respectively—through a series of chemical reactions, some of which involve highly toxic chemical precursors and byproducts.

34.     Both the natural and unnatural forms of malic acid are considered GRAS (generally recognized as safe) for use as flavorings; the d-malic acid form, however, has not been extensively studied for its health effects in human beings. Both forms confer a "tart, fruity" flavor to food products.[4]

35.     Defendant uses this artificial petrochemical, d-l-malic acid, in its Products but pretends otherwise, conflating the natural and the artificial flavorings and deceiving consumers.

36.     Because it contains artificial flavor, both federal and state law require the Products to display both front- and back-label disclosures to inform consumers that they are artificially flavored. 21 C.F.R. § 101.22.

37.     They have neither.

38.     California law, incorporating and identically mirroring U.S. Food, Drug, and Cosmetic Act regulations by reference, requires that a food's label accurately describe the nature of the food product and its characterizing flavors. 21 C.F.R. § 102.5(a).

---

[3] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.
[4] https://thechemco.com/chemical/malic-acid/; last visited Mar. 20, 2018.

CLASS ACTION COMPLAINT

39.     Under FDA regulations, a recognizable primary flavor identified on the front label of a food product is referred to as a "characterizing flavor." 21 C.F.R. § 101.22.

40.     FDA regulations and California law establish that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means" then "such flavor shall be considered the characterizing flavor." 21 C.F.R. § 101.22(i).

41.     "Blueberry," "Mango," "Cherry," and other fruits the Products are named and labeled as, are primary recognizable flavors identified on the Products' front labels. These are characterizing flavors under California and federal regulations.

42.     If a product's characterizing flavor is not created exclusively by the characterizing flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either or both of natural or artificial flavorings. If any artificial flavor is present which "simulates, resembles or reinforces" the characterizing flavor, the food must be prominently labeled as "Artificially Flavored." 21 C.F.R. § 101.22(i) (3), (4).

43.     A food product's label also must include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) . . . when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance . . .  and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." 21 C.F.R. § 102.5(c).

44.     Such statements must be in boldface print on the front display panel and of sufficient size for an average consumer to notice. *Id*.

45.     Under these regulations, Defendant was required to place prominently on the Products' front labels a notice sufficient to allow California and other consumers to understand that the Products contained artificial flavorings.

46.     Defendant failed to do so, deceiving consumers and violating California law, federal law, and corresponding state common laws.

47.     Accordingly, Plaintiff was unaware that the Products contained artificial flavoring when he purchased them.

48.     When purchasing the Products, Plaintiff was seeking a product of particular qualities, that were flavored only with the natural ingredients claimed on the label and which did not contain artificial flavoring.

49.     Plaintiff is not alone in these purchasing preferences. As reported in Forbes Magazine, 88% of consumers polled recently indicated they would pay more for foods perceived as natural or healthy. "All demographics [of consumers]—from Generation Z to Baby Boomers—say they would pay more" for such products, specifically including foods with no artificial flavors.[5]

50.     California's Health & Safety Code states that "[a]ny food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labeling states that fact."  Cal. Health & Saf. Code § 110740.

51.      California law required Defendant to include sufficient notice on the Products' labels to alert California consumers that the Products are artificially flavored.

52.     Defendant failed to do so.

53.     Accordingly, Defendant's Products were misbranded and illegal to distribute or sell in California. Cal. Health & Saf. Code § 110740; § 110760; § 110765.

54.     Because the Products violated California law, they were misbranded when offered for sale in California.

55.     Plaintiff lost money as a result of Defendant's conduct because he purchased a Product that contained undisclosed artificial flavors and was illegal to sell.

56.     John Compton, the CEO of a competing beverage manufacturer, spoke to investors at the Morgan Stanley Consumer & Retail Conference, stating, "We have talked

---

[5] *Consumers Want Healthy Foods--And Will Pay More For Them*, FORBES MAGAZINE (Feb. 15, 2015), https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; last visited Mar. 9, 2018.

CLASS ACTION COMPLAINT

extensively to consumers about this idea, and they come back and tell us the number one motivation for purchase is products that claim to be all natural."

57.    Defendant's labeling and advertising reflects consumers' preferences— not by making the Product solely with natural ingredients, but instead by concealing the fact that the Products are artificially flavored.

58.    Table 1, below, lists the Products included in this Action.

## Table 1: The Products

| | |
|---|---|
| Bai Antioxidant Infusion Brasilia Blueberry | Bai Bubbles Sparkling Antioxidant Infusion Gimbi Pink Grapefruit |
| Bai Antioxidant Infusion Burundi Blueberry Lemonade | Bai Bubbles Sparkling Antioxidant Infusion Bogota Blackberry Lime |
| Bai Antioxidant Infusion Costa Rica Clementine | Bai Bubbles Sparkling Antioxidant Infusion Peru Pineapple |
| Bai Antioxidant Infusion Ipanema Pomegranate | Bai Bubbles Sparkling Antioxidant Infusion Lambari Watermelon Lime |
| Bai Antioxidant Infusion Kula Watermelon | Bai Bubbles Sparkling Antioxidant Infusion Waikiki Coconut Lime |
| Bai Antioxidant Infusion Malawi Mango | Bai Antioxidant Cocofusion Madagascar Coconut Mango |
| Bai Antioxidant Infusion Sao Paulo Strawberry Lemonade | Bai Antioxidant Supertea Narino Peach Tea |
| Bai Antioxidant Infusion Sumatra Dragonfruit | Bai Antioxidant Supertea Paraguay Passionfruit Tea |
| Bai Bubbles Sparkling Antioxidant Infusion Bolivia Black Cherry | Bai Antioxidant Supertea Rio Raspberry Tea |
| Bai Bubbles Sparkling Antioxidant Infusion Jamaica Blood Orange | Bai Antioxidant Supertea Socorro Sweet Tea |

///
///

CLASS ACTION COMPLAINT

**B. Defendant's Competitors Label Their Products Lawfully.**

59.     Defendant not only deceives consumers but also gains an unfair commercial advantage in the marketplace by labeling the Products deceptively.

60.     Manufacturers of competing beverage products label their products lawfully and accurately label their artificially flavored fruit juice beverages as "Artificially Flavored."

61.     Other competing major manufacturers, offering products whose labels suggest just as Defendant's do that their products are naturally flavored, truly are flavored only with natural ingredients.

62.     Defendant, however, unlawfully conceals their use of an artificial flavoring, deceiving consumers, illegally cutting costs and increasing profits, and competing unfairly and unlawfully in the marketplace, hurting their competitors as well as consumers.

63.     Defendant's conduct injures competing manufacturers that do not engage in the same illegal behavior. These manufacturers compete for market share and limited shelf space, as well as for consumers' buying preferences and dollars. Defendant's competitors do so lawfully. Defendant does not.

**C. Plaintiff's Purchases of the Products**

64.     Plaintiff Kevin Branca purchased the Products in California during the Class Period defined herein.

65.     Plaintiff purchased the Products multiple times since 2012, most recently at the Costco Wholesale store located at 951 Palomar Airport Road, Carlsbad, California.

66.     Plaintiff's most recent purchase was on or about July 2016.

67.     Plaintiff purchased the Products at the marked retail prices.  A single 18-fluid ounce plastic bottle retails at about $1.99.  Plaintiff's most recent purchase of the Product was a variety pack for a marked retail price of $19.99, which contained fifteen (15) 18-fluid ounce plastic bottles including the "Brasilia Blueberry," "Kula Watermelon," "Ipanema Pomegranate," and "Costa Rica Clementine" flavored Products.

68.     Plaintiff first discovered Defendant's unlawful acts described herein in April 2018, when he learned the Products' characterizing flavors were deceptively created or reinforced using artificial flavoring even though Defendant failed to disclose that fact on the Products' label.

69.     Plaintiff was deceived by and relied upon the Products' deceptive labeling, and specifically the omission of the legally-required notice that it contained artificial flavorings. Plaintiff purchased the Products believing they were naturally flavored, based on the Products' deceptive labeling and failure to disclose that it was artificially flavored.

70.     Plaintiff, as a reasonable consumer, is not required to subject consumer food products to laboratory analysis, to scrutinize the back of the label to discover that the product's front label is false and misleading, or to search the label for information that federal regulations require be displayed prominently on the front – and, in fact, under state law is entitled to rely on statements that Defendant deliberately places on the Products' labeling.  Defendant, but not Plaintiff, knew or should have known that this labeling was in violation of federal regulations and state law.

71.     Because Plaintiff reasonably assumed the Products to be free of artificial flavoring, based on the Products' label, when it was not, he did not receive the benefit of his purchases. Instead of receiving the benefit of products free of artificial flavoring, he received Products that were unlawfully labeled to deceive the consumer into believing that it is exclusively naturally flavored and contains no artificial flavoring, in violation of federal and state labeling regulations.

72.     Plaintiff would not have purchased the Products in the absence of Defendant's misrepresentations and omissions. Had Defendant not violated California law, Plaintiff would not have been injured.

73.     The Products were worth less than what Plaintiff paid for them and Class members would not have paid as much as they have for the Products absent Defendant's false and misleading statements and omissions.

74.     Plaintiff lost money as a result of Defendant's unlawful behavior. Plaintiff altered his position to his detriment and suffered loss in an amount equal to the amount he paid for the Products.

75.     Plaintiff intends to, seeks to, and will purchase the Products again when he can do so with the assurance that Products' label, which indicate that the Products are naturally flavored, are lawful and consistent with the Products' ingredients.

## V.   <u>DELAYED DISCOVERY</u>

76.     Plaintiff did not discover that Defendant's labeling of the Products was false and misleading until April 2018, when he learned the Products contained undisclosed artificial flavoring.

77.     Plaintiff and the Class members are reasonably diligent consumers who exercised reasonable diligence in their purchase and consumption of the Products. Nevertheless, they would not have been able to discover Defendant's deceptive practices and lacked the means to discover them given that, like nearly all consumers, they rely on and are entitled to rely on the manufacturer's obligation to label its products in compliance with federal regulations and state law. Furthermore, Defendant's labeling practices and non-disclosures—in particular, failing to identify the artificial flavor in the ingredient list, or to disclose that the Products contained artificial flavoring, or to accurately identify the kind of malic acid that Defendant put in the Products—impeded Plaintiff's and Class members' abilities to discover the deceptive and unlawful labeling of the Products throughout the Class Period.

78.     Because Defendant actively concealed their illegal conduct, preventing Plaintiff and the Class from discovering their violations of state law, Plaintiff and the Class are entitled to delayed discovery and an extended Class Period tolling the applicable statute of limitations.

## VI.   <u>CLASS ACTION ALLEGATIONS</u>

79.     Plaintiff brings this action on behalf of himself and all others similarly situated (the "Class") pursuant to Federal Rule of Civil Procedure 23.

12

80.   The Nationwide Class is defined as follows:

> All U.S. citizens who purchased the Products in the United States on or after January 1, 2012 until the date class notice is disseminated, excluding Defendant and Defendant's officers, directors, employees, agents, and affiliates, and the Court and its staff.

81.   The California Sub-Class is defined as follows:

> All California citizens who purchased the Products in California on or after January 1, 2012 until the date class notice is disseminated, excluding Defendant and Defendant's officers, directors, employees, agents, and affiliates, and the Court and its staff.

82.   During the Class Period, the Products unlawfully contained the undisclosed artificial flavors d-malic acid or d-l-malic acid and were otherwise improperly labeled as alleged herein. Defendant failed to label the Products as required by law.

83.   The proposed Class meets all criteria for a class action, including numerosity, typicality, superiority, and adequacy of representation.

84.   The proposed Class satisfies numerosity. The Products are offered for sale at over a thousand supermarkets in California; the Class numbers at minimum in the tens of thousands. Individual joinder of the Class members in this action is impractical. Addressing the Class members' claims through this class action will benefit Class members, the parties, and the courts.

85.   The proposed Class satisfies typicality. Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the Class members all purchased the Products, were deceived by the false and deceptive labeling, and lost money as a result, purchasing a product that was illegal to sell in California.

86.   The proposed Class satisfies superiority. A class action is superior to any other means for adjudication of the Class members' claims because each class member's

13

claim is modest, based on the Products' retail purchase price which is generally under $5.00. It would be impractical for individual Class members to bring individual lawsuits to vindicate their claims.

87.     Because Defendant's misrepresentations were made on the label of the Products themselves, all Class members including Plaintiff were exposed to and continue to be exposed to the omissions and affirmative misrepresentations. If this action is not brought as a class action, Defendant can continue to deceive consumers and violate California law with impunity.

88.     The proposed Class representatives satisfy adequacy of representation. Plaintiff is an adequate representative of the Class as he seeks relief for the Class, his interests do not conflict with the interests of the Class members, and he has no interest antagonistic to those of other Class members. Plaintiff has retained counsel who are competent in the prosecution of consumer fraud and class action litigation.

89.     There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

90.     Questions of law and fact common to Plaintiff and the Class include:

      a.     Whether Defendant failed to disclose the presence of the artificial flavoring ingredient d-l-malic acid in the Products;

      b.     Whether Defendant's labeling omissions and representations constituted false advertising under California law;

      c.     Whether Defendant's conduct constituted a violation of California's Unfair Competition Law;

      d.     Whether Defendant's conduct constituted a violation of California's Consumer Legal Remedies Act;

      e.     Whether Defendant's conduct constitutes a breach of express warranties, or implied warranties under California's Commercial Code;

f.      Whether Defendant's conduct constitutes a breach of express warranties or implied warranties under state common law;

g.      Whether Defendant's conduct violates U.S. Food and Drug Administration labeling regulations;

h.      Whether Defendant's conduct violates state common law consumer protection law for U.S. states other than California;

i.      Whether the statute of limitations should be tolled on behalf of the Class;

j.      Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

k.      Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

91.    Plaintiff will fairly and adequately protect the interests of the Class, has no interests that are incompatible with the interests of the Class, and has retained counsel competent and experienced in class litigation.

92.    Defendant has acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

93.    Class treatment is therefore appropriate under CAFA and Rule 23. Plaintiff will, if notice is required, confer with Defendant and seek to present the Court with a stipulation and proposed order on the details of a class notice plan.

## VII.    CAUSES OF ACTION

### First Cause of Action: Violation of the CLRA

94.    Plaintiff realleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

95.    The California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

96. Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code § 1761(d). The Products are a "good" as defined by Cal. Civ. Code § 1761.

97. Defendant's failure to label the Products in accord with federal and state labeling regulations, omitting the required information that the Products contain artificial flavoring, was an unfair, deceptive, unlawful and unconscionable commercial practice.

98. Defendant's conduct violates the Consumer Legal Remedies Act.

99. As a result of Defendant's violations, Plaintiff and the Class suffered ascertainable losses in the form of the purchase price they paid for the unlawfully labeled and marketed products, which they would not have paid had the Products been labeled correctly, and in the form of the reduced value of the Products in relation to the Products as advertised.

100. On or about April 12, 2018, prior to filing this action, Plaintiff sent a CLRA notice letter to Defendant which complies with California Civil Code § 1782(a). Plaintiff sent Defendant, individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that they are in violation of the CLRA and demanding that they cease and desist from such violations and make full restitution by refunding the monies received therefrom. A copy of Plaintiff's April 12, 2018 CLRA letter is attached hereto as Exhibit 1.

101. Wherefore, Plaintiff seeks injunctive relief for Defendant's violations of the CLRA. If Defendant fails to take the corrective action detailed in Plaintiff's CLRA letter within thirty days of the date of the letter, then Plaintiff will seek leave to amend his complaint to add a claim for damages under the CLRA.

**Second Cause of Action: Violation of the UCL, Unlawful Prong**

102. Plaintiff realleges and incorporates by reference each and every allegation contained elsewhere in this Complaint, as if fully set forth herein.

103. Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice. Section 17200 specifically prohibits any "unlawful . . . business act or

16

practice."

104. The UCL borrows violations of other laws and statutes and considers those violations also to constitute violations of California law.

105. Defendant's practices as described herein were at all times during the Class Period and continue to be unlawful under, *inter alia*, FDA regulations and California's Sherman Law.

106. Among other violations, Defendant's conduct in unlawfully packaging and distributing the Products in commerce in California violated U.S. FDA packaging and labeling regulations.

107. The Products' labels fail to disclose that they contain synthetic artificial flavoring in violation of 21 C.F.R. § 101.22 and California's Sherman Law.

108. The Products contain d-l-malic acid.

109. The d-l-malic acid is a flavoring material that creates, simulates, and reinforces the Products' characterizing fruit flavors.

110. The d-l-malic acid in the Products is not derived from a natural material as defined in 21 C.F.R. § 101.22 and is therefore by law artificial flavors.

111. Defendant fails to inform consumers of the presence of the artificial flavor in the Products, on either the front or back-label as required by law.

112. Defendant's practices are therefore unlawful as defined in Section 17200 of the California Civil Code.

**Third Cause of Action: Violation of the UCL, Unfair Prong**

113. Plaintiff realleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

114. Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unfair . . . business act or practice." Defendant's practices violate the Unfair Competition Law "unfair" prong as well.

115. The Defendant's practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because the conduct is unethical and

17

injurious to California residents and the utility of the conduct to Defendant does not outweigh the gravity of the harm to consumers.

116. While Defendant's decision to label the Products deceptively and in violation of California law may have some utility to Defendant in that it allows Defendant to sell the Products to consumers who otherwise would not purchase an artificially-flavored food product at the retail price or at all if it were labeled correctly, and to realize higher profit margins than if they formulated or labeled the Products lawfully, this utility is small and far outweighed by the gravity of the harm Defendant inflicts upon California consumers.

117. Defendant's conduct also injures competing food product manufacturers, distributors, and sellers that do not engage in the same unlawful, unfair, and unethical behavior.

118. Moreover, Defendant's practices violate public policy expressed by specific constitutional, statutory, or regulatory provisions, including the Sherman Law, the False Advertising Law, and the FDA regulations cited herein.

119. Plaintiff's and California Sub-Class members' purchases of the Products all took place in California.

120. Defendant labeled the Products in violation of federal regulations and California law requiring truth in labeling.

121. Defendant consciously failed to disclose material facts to Plaintiff and the Class in Defendant's advertising and marketing of the Products.

122. Defendant's conduct is unconscionable because, among other reasons, it violates 21 C.F.R. § 101.22(c), which requires all foods containing artificial flavoring to include:

> A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

123. Defendant's conduct is "unconscionable" because it violates, *inter alia*, 21 C.F.R. § 101.22(c), which requires all food products for which artificial flavoring provides a characterizing flavor to disclose this fact prominently on the product's front label.

124. Defendant intended that Plaintiff and the Class rely on Defendant's acts of omission so that Plaintiff and the other Class members would purchase the Products.

125. Had Defendant disclosed all material information regarding the Products in its advertising and marketing, Plaintiff and the Class would not have purchased the Product or would have paid less for the Products.

126. Plaintiff suffered injury in fact and lost money or property as a result of Defendant's deceptive advertising: they were denied the benefit of the bargain when they decided to purchase the Products based on Defendant's violation of the applicable laws and regulations, or to purchase the Products in favor of competitors' products, which are less expensive, contain no artificial flavoring, or are lawfully labeled.

127. Plaintiff suffered an ascertainable loss of money. The acts, omissions and practices of Defendant detailed herein proximately caused Plaintiff and other members of the Class to suffer an ascertainable loss in the form of, *inter alia*, monies spent to purchase the Products they otherwise would not have, and they are entitled to recover such damages, together with appropriate penalties, including restitution, damages, attorneys' fees and costs of suit.

128. Section 1720 also prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons set forth above, Defendant engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code § 17200.

129. Pursuant to California Business & Professions Code § 17203, Plaintiff seeks an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to return the full amount of money improperly collected to all those who purchased the Products.

///

19

**Fourth Cause of Action: Violation of False Advertising Law**

130.   Plaintiff realleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

131.   Defendant made and distributed, in California and in interstate commerce, Products that unlawfully fail to disclose artificial flavoring on its packaging as required by federal food labeling regulations.

132.   The Products' labeling and advertising in California falsely describe it as if it were only naturally flavored.

133.   Under California's False Advertising Law, Business and Professions Code § 17500 *et seq.*,

"It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property . . . to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device . . . any statement, concerning that real or personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. . . ." Cal. Bus. & Prof. Code § 17500.

134.   Defendant's labeling and advertising statements, communicating to consumers that the Products contained natural flavors and concealing the fact that it contained a synthetic artificial flavor, were untrue and misleading, and Defendant at a minimum by the exercise of reasonable care should have known those actions were false or misleading.  Defendant's conduct violated California's False Advertising Law.

**Fifth Cause of Action: Breach of Express Warranty**

135.   Plaintiff realleges and incorporates by reference the allegations found elsewhere in the Complaint as if set forth in full herein.

136.   The Products' label warrants that the Products have "Natural Flavors."

CLASS ACTION COMPLAINT

137.   The Products' front label also misleadingly advertises by operation of law that the Products are flavored only with the listed fruits.

138.   These promises became part of the basis of the bargain between the parties and thus constituted an express warranty, which Defendant breached; the Products are artificially flavored.

139.   Defendant sold the goods to Plaintiff and other consumers who bought the goods from Defendant.

140.   As a result, Plaintiff and other consumers did not receive goods as warranted by Defendant.

141.   Within a reasonable amount of time after Plaintiff discovered that the Products contained synthetic ingredients, Plaintiff notified the Defendant of such breach.

142.   As a proximate result of this breach of warranty by Defendant, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

### Sixth Cause of Action:  Breach of Implied Warranty

143.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

144.   Defendant's label representations also created implied warranties that the Products were suitable for a particular purpose, specifically as a naturally flavored food product. Defendant breached this warranty as well.

145.   The Products' front label misleadingly implies that they are flavored with the natural ingredients comprising the characterizing flavors.

146.   As alleged in detail above, at the time of purchase Defendant had reason to know that Plaintiff, as well as all members of the Class, intended to use the Products as a naturally flavored food product.

147.   This became part of the basis of the bargain between the parties.

148.   Based on that implied warranty, Defendant sold the goods to Plaintiff and other Class members who bought the goods from Defendant.

149.    At the time of purchase, Defendant knew or had reason to know that Plaintiff and the Class members were relying on Defendant's skill and judgment to select or furnish a product that was suitable for this particular purpose, and Plaintiff justifiably relied on Defendant's skill and judgment.

150.    The Products were not suitable for this purpose.

151.    Plaintiff purchased the Products believing it had the qualities Plaintiff sought, based on the deceptive advertising and labeling, but the Products were actually unsatisfactory to Plaintiff for the reasons described herein.

152.    The Products were not merchantable in California, as it was not of the same quality as other products in the natural food category generally acceptable in the trade.

153.    The Products would not pass without objection in the trade when packaged with its existing label, because the Products were misbranded and illegal to sell in California.  Cal. Comm. Code § 2314(2)(a).

154.    The Products also were not acceptable commercially and breached its implied warranty because it was not adequately packaged and labeled as required. Cal. Comm. Code § 2314(2)(e).

155.    The Products also were not acceptable commercially and breached its implied warranty because it did not conform to the promises or affirmations of fact made on the container or label, Cal. Comm. Code § 2314(2)(f), and other grounds as set forth in Commercial Code section 2314(2).

156.    By offering the Products for sale and distributing the Products in California and across the United States, Defendant also warranted that the Products were not misbranded and was legal to purchase in California and across the United States. Because the Products were misbranded in several regards and was therefore illegal to sell or offer for sale in California, Defendant breached this warranty as well.

157.    As a result of this breach, Plaintiff and other consumers did not receive goods as impliedly warranted by Defendant.

158. Within a reasonable amount of time after the Plaintiff discovered that the Products contained synthetic ingredients, Plaintiff notified the Defendant of such breach.

159. As a proximate result of this breach of warranty, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

160. As a result, Plaintiff, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

**Seventh Cause of Action:  Negligent Misrepresentation**

161. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

162. Defendant's label representations negligently misrepresented the Products as if they were exclusively naturally flavored.

163. Defendant was negligent in labeling the Products as if it were exclusively naturally flavored and in failing to identify the Products as artificially flavored.

164. Defendant represented the Products to Plaintiff and the Class as solely naturally flavored as if this were true.

165. Defendant's representations were not true.

166. The Products were not exclusively naturally flavored but were instead artificially flavored as described herein.

167. Defendant had no reasonable basis for believing that the Products were naturally flavored at the time or any time relevant to this action.

168. Defendant intended for Plaintiff and the Class to rely on this representation.

169. Plaintiff and the Class reasonably relied on this representation.

170. Plaintiff and the Class were harmed thereby as alleged herein.

171. Plaintiff and the Class's reliance was a substantial factor in that harm.

172. As a result, Plaintiff and the Class are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

CLASS ACTION COMPLAINT

## Eighth Cause of Action:  Fraud By Omission

173.   Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

174.   Defendant actively concealed material facts, in whole or in part, with the intent to induce Plaintiff and members of the Class to purchase the Products.  Specifically, Defendant actively concealed the truth about the Products by not disclosing the existence of artificial flavoring ingredients on the front label of the Products as is required by California and federal law.

175.   Plaintiff and the Class were unaware of these omitted material facts and would not have purchased the Products, or would have paid less for the Products, if they had known of the concealed facts.

176.   Plaintiff and the Class suffered injuries that were proximately caused by Defendant's active concealments and omissions of material facts.

177.   Defendant's fraudulent concealments and omissions were a substantial factor in causing the harm suffered by Plaintiff and the Class members as they would not have purchased the Products at all if all material facts were properly disclosed.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated in California, and the general public, prays for judgment against Defendant as follows:

A.   An order confirming that this action is properly maintainable as a class action as defined above, appointing Plaintiff and his undersigned counsel to represent the Class, and requiring Defendant to bear the cost of class notice;

B.   An order declaring that the conduct complained of herein violates the CLRA;

C.   An order declaring that the conduct complained of herein violates the UCL;

D.   An order declaring that the conduct complained of herein violates the FAL;

E.   An order declaring that the conduct complained of herein breached express warranties, implied warranties, or both;

F.   An order requiring Defendant to disgorge any benefits received from Plaintiff

24

and any unjust enrichment realized as a result of the improper and misleading labeling, advertising, and marketing of the Products;

G.    An order requiring Defendant to pay restitution and damages to Plaintiff and Class members so that they may be restored any money which was acquired by means of any unfair, deceptive, unconscionable or negligent acts;

H.    An award of punitive damages in an amount to be proven at trial;

I.    An order enjoining Defendant's deceptive and unfair practices;

J.    An order requiring Defendant to conduct corrective advertising;

K.    An award of pre-judgment and post-judgment interest;

L.    An award of attorney fees and costs; and

M.    Such other and further relief as this Court may deem just, equitable, or proper.

## IX.   JURY DEMAND

Plaintiff demands a trial by jury on all claims for damages. Plaintiff does not seek a jury trial for claims sounding in equity.

DATED: April 19, 2018                    Respectfully Submitted,

                                         */s/ Ronald A. Marron*
                                         Ronald A. Marron

                                         **LAW OFFICES OF RONALD A. MARRON**
                                         Ronald A. Marron
                                         *ron@consumersadvocates.com*
                                         Michael T. Houchin
                                         *mike@consumersadvocates.com*
                                         651 Arroyo Drive
                                         San Diego, CA 92103
                                         Telephone: (619) 696-9006
                                         Fax: (619) 564-6665
                                         ***Counsel for Plaintiff and the***
                                         ***Proposed Class***

CLASS ACTION COMPLAINT