Kent J. Schmidt (SBN 195969)
schmidt.kent@dorsey.com
Navdeep K. Singh (SBN 284486)
singh.navdeep@dorsey.com
**DORSEY & WHITNEY LLP**
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone:  (714) 800-1400
Facsimile:  (714) 800-1499

Creighton R. Magid (admitted *pro hac vice*)
magid.chip@dorsey.com
**DORSEY & WHITNEY LLP**
1401 New York Avenue NW, Suite 900
Washington, DC 20005
Telephone: (202) 442-3555
Facsimile: (202) 442-3199

Elizabeth Baksh (admitted *pro hac vice*)
baksh.elizabeth@dorsey.com
**DORSEY & WHITNEY LLP**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201

Attorneys for Defendants
BAI BRANDS, DR PEPPER SNAPPLE GROUP, INC., LARRY YOUNG, BEN WEISS and JUSTIN TIMBERLAKE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BRANCA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAI BRANDS, LLC, a New Jersey Limited Liability Company; DR PEPPER SNAPPLE GROUP, INC., a Delaware Corporation; LARRY YOUNG, an individual; BEN WEISS, an individual; JUSTIN TIMBERLAKE, an individual,<br><br>Defendants. | CASE NO. 3:18-CV-00757-BEN-KSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Date: August 13, 2018<br>Time: 10:30 a.m.<br>Courtroom: 5A<br>Hon. Roger T. Benitez |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

FACTS ..................................................................................................................... 1

ARGUMENT ........................................................................................................... 2

CONCLUSION ........................................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allred v. Kellogg Co.*, 2018 U.S. Dist. LEXIS 38576 (S.D. Cal. Feb. 23, 2018) ....... 4

*Atkins v. Fischer*, 232 F.R.D. 116 (D.D.C. 2005) ....................................................... 4

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ............................................. 2

*Cristian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) ........................................ 3, 4

*Eastway Const. Corp. v. City of New York*, 762 F.2d 243 (2nd Cir. 1985) ............... 2

*Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) ...................................................... 3

*Islamic Shura Council of S. Cal. v. Federal Bureau of Investigation*, 757
   F.3d 870 (9th Cir. 2014) ......................................................................................... 2

*Knipe v. Skinner*, 19 F.3d 72 (2nd Cir. 1994) .............................................................. 2

*Miller v. Bittner*, 985 F.2d 935 (8th Cir. 1993) ........................................................... 2

**Rules**

Federal Rules of Civil Procedure 11 ............................................................................. 4

Federal Rules of Civil Procedure 11(b)(3) ............................................................... 1, 2

Federal Rules of Civil Procedure 12(c) ........................................................................ 1

**Other Authorities**

1993 Advisory Committee Notes .................................................................................. 4

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Bai Brands, LLC ("Bai"), Dr Pepper Snapple Group ("DPSG"), Larry Young, Ben Weiss and Justin Timberlake (collectively, the "Defendants") respectfully submit this memorandum of points and authorities in support of their motion for sanctions pursuant to Federal Rules of Civil Procedure 11(b)(3) and 12(c).

## INTRODUCTION

The gravamen of Plaintiff's First Amended Complaint ("FAC") is that Bai's eponymous fruit-flavored beverages (the "Products")[1] are mislabeled because, according to Plaintiff, the malic acid used as an acidulant in the Products is d-l-malic acid (a racemic combination of a natural l-isomer and a synthetic d-isomer), and not l-malic acid, the natural, non-synthetic form. As the FAC makes clear, and as Plaintiff has implicitly acknowledged in correspondence, Plaintiff simply assumed this to be true, without conducting even basic (and inexpensive) research to determine what type of malic acid was in the Products. Had Plaintiff done so prior to bringing this action, he would have discovered that the malic acid in the Products is l-malic acid, not the synthetic variety Plaintiff assumed.

## FACTS

All of Plaintiff's claims rest on the assumption that the Products contain d-l-malic acid, which is 50% synthetic d-malic acid. Tellingly, however, Plaintiff pleads no facts in the FAC supporting this entirely conjectural assertion. He does not allege that he conducted testing for the presence of d-l-malic acid. Indeed, the FAC tacitly acknowledges Plaintiff's conjecture. *See* FAC ¶ 107 (noting uncertainty as to the type of malic acid contained in the Products).

By letter dated June 4, 2018, Defendants asked Plaintiff's counsel for any information Plaintiff had regarding the alleged presence of d-l-malic acid in the

---

[1] Plaintiff identifies the 20 flavors of Bai beverages at issue in this litigation at p. 12 of the FAC.

Products. *See* accompanying Declaration of Creighton R. Magid ("Magid Dec.") at ¶ 2 and Exhibit A. Plaintiff responded with expressions of incredulity, but offered no evidence that the Products contained d-l-malic acid. *Id*. at ¶ 3 and Exhibit B.

Although defendant Bai uses l-malic acid in the Products, Defendants' counsel sought independent verification that the Products do not contain synthetic d-l malic acid, but rather l-malic acid. *See* Magid Dec. at ¶¶ 5 - 6. To that end, Defendants' counsel purchased several of the Products at retail and had them tested by Eurofins, a well-respected food testing laboratory. *Id*. at ¶ 6. The testing by Eurofins confirmed the presence of l-malic acid and the absence of d-l-malic acid in the Products. *Id*. at ¶ 7 and Exhibit D.

## ARGUMENT

A plaintiff has an obligation to establish the evidentiary basis for a claim *before* filing a complaint. Fed. R. Civ. P. 11(b)(3); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact . . ."); *Islamic Shura Council of S. Cal. v. Federal Bureau of Investigation*, 757 F.3d 870, 872 (9th Cir. 2014) ("Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact . . ..'") (quoting *Cooter & Gell*, 496 U.S. at 393); *Miller v. Bittner*, 985 F.2d 935, 939 (8th Cir. 1993) ("Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing. To constitute a reasonable inquiry, the prefiling investigation must uncover a factual basis for the plaintiff's allegations, as well as a legal basis.") (internal citation omitted); *Knipe v. Skinner*, 19 F.3d 72, 75 (2nd Cir. 1994) (quoting *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 253 (2nd Cir. 1985) ("Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before

it is signed. Simply put, subjective good faith . . . provides [no] safe harbor.") (alterations in original).

As here, where a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Cristian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).

The FAC is, as noted earlier, objectively baseless. The FAC alleges, without support, that the Products contain d-l-malic acid. Independent testing has confirmed that the Products do not, in fact, contain d-l-malic acid.

It is plain, moreover, that neither Plaintiff nor his attorneys conducted any time of pre-suit investigation into the type of malic acid contained in the Products. Plaintiff could have purchased an assay kit to conduct 100 assays to identify the presence or absence of synthetic d-malic acid in the Products for $254.[2] Magid Dec. at Exhibit E. Plaintiff could have sent samples of the Products to a specialized laboratory such as Eurofins, which would determine the presence or absence of d-malic acid for $200 per sample tested. *Id*. at ¶ 6. Plaintiff and his attorney did none of this. Instead, they simply filed a factually erroneous Complaint (and, later, the FAC), resulting in negative media coverage of the Products, *see id.* at ¶ 9 and Exhibit F, and requiring Defendants to engage legal counsel and incur legal fees to file motions to dismiss. Plaintiff and his attorney plainly alleged that the Product contained d-l malic acid without any actual knowledge of whether those statements were true.

Plaintiff's total lack of pre-suit investigation into the factual merits of the FAC

---

[2] Because d-l-malic acid is a mixture of equal parts l-malic acid and d-malic acid, the absence of d-malic acid also connotes the absence of d-l-malic acid.

falls far short of what Rule 11 requires. Plaintiff's baseless FAC has resulted in unnecessary litigation, at Defendant's considerable expense. Rule 11 sanctions are therefore appropriate.

The Court has considerable discretion with respect to ordering Rule 11 sanctions. Among the "arsenal of options" available to the Court are "striking the offending paper." *See Atkins v. Fischer*, 232 F.R.D. 116, 126 (D.D.C. 2005) (quoting 1993 Advisory Committee Notes); *see also Allred v. Kellogg Co.*, 2018 U.S. Dist. LEXIS 38576, *4 (S.D. Cal. Feb. 23, 2018) (observing, in response to Kellogg's argument that the plaintiff's complaint had "failed to prove Kellogg is using the artificial [malic acid and sodium diacetate] over the natural ones," that "if Allred indeed filed a lawsuit without any idea as to its veracity, Kellogg's remedy would like in Rule 11."). The court may also award attorneys' fees to the opposing party or parties. *See, e.g., Mattel, Inc.*, 286 F.3 at 1131-32; 1993 Advisory Committee Notes.

Here, the objective baselessness of the FAC's central tenant militates strongly in favor of striking all allegations in the FAC concerning the alleged presence of any d-l malic acid in the Products. Further, because the absence of any reasonable investigation prior to the filing of the FAC necessitated a response (in the form of motions to dismiss, as well as this motion) from Defendants, an award of attorneys' fees sufficient to reimburse Defendants for their reasonable costs of defending this matter are appropriate.

///
///
///
///
///
///
///

# CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court strike all allegations in the FAC concerning allegedly artificial malic acid and award Defendants their costs of defending this suit.

Respectfully submitted,

Dated:  July 6, 2018   **DORSEY & WHITNEY LLP**

By: */s/ Kent J. Schmidt*
Kent J. Schmidt
Navdeep K. Singh
Creighton R. Magid
Elizabeth Baksh
Attorneys for Defendants
BAI BRANDS, DR PEPPER SNAPPLE GROUP, INC., LARRY YOUNG, BEN WEISS and JUSTIN TIMBERLAKE

# CERTIFICATE OF SERVICE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626-7655. On July 6, 2018, I served the documents named below on the parties in this action as follows:

| | |
|---|---|
| DOCUMENT(S) SERVED: | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS** |
| SERVED UPON: | LAW OFFICES OF RONALD A. MARRON<br>Ronald A. Marron<br>Michael T. Houchin<br>651 Arroyo Drive<br>San Diego, California 92103<br>Telephone: (619) 696-9006<br>Facsimile" (619) 594-6665<br>ron@consumersadvocate.com<br>mike@consumersadvocate.com |

☒ **(VIA ELECTRONIC MAILING SERVICE)** My electronic business address is miller.laura@dorsey.com and I caused such document(s) to be electronically served to the interested parties at the e-mail address indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmissions were unsuccessful.

☒ **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized by **ASAP/LEGAL SOLUTION ATTORNEY SERVICE** to receive documents to be delivered on the same date.

☒ **(BY FEDERAL EXPRESS)** I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on July 6, 2018, at Costa Mesa, California.

*/s/ Laura Miller*
Laura Miller