**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
***Attorneys for Plaintiff and the Proposed Class***

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BRANCA, on behalf of himself and all others similarly situated, | ) Case No. 3:18-CV-00757-BEN-KSC |
| | ) |
| | ) <u>CLASS ACTION</u> |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S MEMORANDUM** |
| vs. | ) **OF POINTS AND AUTHORITIES** |
| | ) **IN OPPOSITION TO** |
| | ) **DEFENDANTS' MOTION FOR** |
| | ) **SANCTIONS** |
| BAI BRANDS, LLC, a New Jersey Limited Liability Company; DR PEPPER SNAPPLE GROUP, INC., a Delaware Corporation; LARRY YOUNG, an individual; BEN WEISS, an individual; JUSTIN TIMBERLAKE, an individual, | ) Date:    September 4, 2018 |
| | ) Time:   10:30 a.m. |
| | ) Ctrm:   5A |
| | ) Judge:  Hon. Roger T. Benitez |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

-1-

1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................... 1

II.     BACKGROUND ........................................................................................ 3

III.    LEGAL STANDARD ................................................................................ 5

IV.     ARGUMENT ............................................................................................. 6

        A.    Plaintiff's First Amended Complaint Is Not Objectively

              Baseless ........................................................................................... 6

        B.    Plaintiff's Counsel Conducted a Reasonable and Competent

              Inquiry .............................................................................................. 8

        C.    Plaintiff's Counsel Should Be Awarded Reasonable Attorneys'

              Fees Incurred in Opposing Defendants' Motion for Sanctions ......... 11

V.      CONCLUSION ........................................................................................ 13

-i-

*Branca v. Bai Brands, LLC, et al.*, Case No. 3:18-CV-00757-BEN-KSC
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION FOR SANCTIONS

# TABLE OF AUTHORITIES

**Cases**

*Allred v. Frito-Lay N. Am., Inc.*,
  2018 WL 1185227 (S.D. Cal. Mar. 7, 2018) ............................................ 6, 11, 12

*Allred v. Kellogg Co.*,
  2018 WL 1158885 (S.D. Cal. Feb. 23, 2018) .......................................... 6, 11, 12

*Bighorn Capital, Inc. v. Security Nat'l Guaranty, Inc.*,
  2015 WL 94898975 (N.D. Cal. Dec. 29, 2015) .................................................. 8

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) ........................................................................... 6

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990) ........................................................................................... 5

*Davison v. Santa Barbara High School District*,
  48 F.Supp.2d 1225 (C.D. Cal. 1998) ................................................................. 8

*Dioptics Med. Prod., Inc. v. Maui Jim, Inc.*,
  2006 WL 463527 (N.D. Cal. Feb. 24, 2006) ...................................................... 9

*Holgate v. Baldwin*,
  425 F.3d 671 (9th Cir. 2005) ............................................................................. 6

*In re Keegan Mgmt. Co., Sec. Litig.*,
  78 F.3d 431 (9th Cir. 1996) ............................................................................... 9

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
  224 F.R.D. 70 (D. Me. 2007) ............................................................................. 8

*Jensen Electric Co. v. Moore*, Caldwell, Rowland & Dodd, Inc.,
  873 F.2d 1327 (9th Cir. 1989) ......................................................................... 11

*Moore v. Keegan Mgmt. Co.*,
  78 F.3d 431 (9th Cir. 1996) ............................................................................... 5

*Nat'l Fed'n of the Blind of Nebraska, Inc. v. Outlook Nebraska, Inc.*,
  2011 WL 4802643 (D. Neb. Oct. 11, 2011) ...................................................... 9

-ii-

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  2013 WL 684915 (N.D. Cal. Feb. 25, 2013) ....................................................9

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
  360 F.3d 1295 (Fed. Cir. 2004) ...................................................................5

*Remington v. Mathson*,
  2017 WL 3421966 (N.D. Cal. Aug. 9, 2017) ........................................8, 12

*Sagan v. Apple Computer, Inc.*,
  874 F. Supp. 1072 (C.D. Cal. 1994) ..........................................................8

*Simpson v. California Pizza Kitchen, Inc.*,
  2013 WL 12114487 (S.D. Cal. Oct. 23, 2013) ......................................6, 11

*Townsend v. Holman Consulting Corp.*,
  929 F.2d 1358 (9th Cir. 1990) .....................................................................5

*Zaldivar v. Los Angeles*,
  780 F.2d 823 (9th Cir. 1986) .......................................................................5

**Statutes**

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ........................................................5

Cal. Bus. & Prof. Code §§ 17500, *et seq.* ........................................................5

Cal. Civ. Code §§ 1750, *et seq.* ......................................................................5

Cal. Health & Saf. Code § 109875 *et seq.* .....................................................4

**Rules**

Fed. R. Civ. 12(d) ...........................................................................................12

Fed. R. Civ. P. 11 .........................................................................................5, 9

Fed. R. Civ. P. 11(b) .........................................................................................6

Fed. R. Civ. P. 11(c)(2) ..............................................................................6, 11

Local Civil Rule 7.1(e)(1) .................................................................................2

-iii-

**Regulations**

21 C.F.R. § 101.22................................................................................................4

21 C.F.R. § 101.4(a)(1)........................................................................................4

**Other Authorities**

Standard and Guidelines for Practice under Rule 11 of the Federal Rules of Civil

   Procedure ...........................................................................................................9

*Branca v. Bai Brands, LLC, et al.*, Case No. 3:18-CV-00757-BEN-KSC
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION FOR SANCTIONS

1   Plaintiff Kevin Branca ("Plaintiff") respectfully submits this Memorandum of
2   Points and Authorities in Support of his Opposition to the Motion for Sanctions that
3   was filed by Defendants Bai Brands, LLC; Dr. Pepper Snapple Group, Inc.; Larry
4   Young; Ben Weiss; and Justin Timberlake (the "Defendants") on July 6, 2018. (Dkt.
5   No. 24). This Memorandum of Points and Authorities is filed concurrently with the
6   Declaration of Ronald A. Marron in Support of Plaintiff's Opposition to Defendants'
7   Motion for Sanctions ("Marron Decl.") and the Declaration of Dr. Laszlo Somogyi,
8   Ph.D. in Support of Plaintiff's Opposition to Defendants' Motion for Sanctions
9   ("Somogyi Decl."). For the reasons set forth below, Plaintiff respectfully requests
10  that the Court deny Defendants' Motion for Sanctions in its entirety and award
11  Plaintiff's counsel their attorneys' fees that were incurred in opposing Defendants'
12  Motion.

## I.    INTRODUCTION

14  This is a consumer protection class action suit involving Defendants' failure
15  to disclose an artificial flavoring ingredient in their Bai Beverage Products (the
16  "Products"). The operative First Amended Complaint ("FAC") alleges that "[t]he
17  Products are labeled as if they contain only natural ingredients and are flavored only
18  with natural ingredients when the Products in fact contain undisclosed artificial
19  flavors in violation of state and federal law." (Dkt. No. 3 [FAC ¶ 15]). Defendants
20  claim that the Products are flavored "with other natural flavors" and that they contain
21  "no artificial sweeteners." (FAC ¶¶ 27-28). However, the FAC alleges that
22  "Defendants add a synthetic industrial chemical called d-l-malic acid, in the form of
23  a racemic mixture of d- and l-isomers, to flavor the Products and make them taste
24  like fresh fruit." (FAC ¶ 36). The FAC further alleges that "[t]his 'malic acid' is not
25  naturally-occurring but is in fact manufactured in petrochemical plants from benzene
26  or butane—components of gasoline and lighter fluid, respectively—through a series
27  of chemical reactions, some of which involve highly toxic chemical precursors and
28  byproducts." (FAC ¶ 37).

-1-

Defendants' Sanctions Motion rests on the assumption that had Plaintiff conducted testing on the Products "prior to bringing this action, he would have discovered that the malic acid in the Products is l-malic acid, not the synthetic variety Plaintiff assumed." (Dkt. No. 24-1 at 1:14-16). This is incorrect. Plaintiff and his counsel did conduct testing on the Products prior to filing suit and they also conducted additional testing after the suit was filed to verify the veracity of Plaintiff's claims. (Marron Decl., ¶ 6). Plaintiff's counsel also consulted with Dr. Laszlo Somogyi, Ph.D., an expert in food sciences, who has interpreted Plaintiff's test results. (Somogyi Decl., ¶¶ 2-18 & Ex. A). Dr. Somogyi has confirmed that three Bai Products have tested positive for the presence of the artificial D Isomer of Malic Acid. (Somogyi Decl., ¶¶ 13-16).

On Friday, July 27, 2018, Plaintiff's counsel informed counsel for Defendants that Plaintiff has "lab testing going back to 2016 on the Bai products" and that Plaintiff has also retained an expert witness to opine on the artificial malic acid that is contained in the Products. (Marron Decl., ¶ 3 & Ex. 1). Instead of discussing this evidence with Plaintiff's counsel, Defendants filed their Sanctions Motion the following day on Saturday, July 28, 2018 at 1:32 a.m. (Dkt. No. 24). Defendants also had noticed the hearing date on their Sanction Motion for August 13, 2018 (Dkt. No. 24) in violation of the "28-Day Rule" set forth in Local Civil Rule 7.1(e)(1). This would have made the deadline for Plaintiff to file his Opposition to Defendants' Sanctions Motion fall on the following Monday, July 30, 2018.[1] Defendants' Sanctions Motion is an apparent attempt at a "trial by ambush" and should be denied by the Court in its entirety. Plaintiff's counsel should also be awarded their attorneys' fees incurred in opposing Defendants' Sanctions Motion.

---

[1] After Defendants' violation of the "28-Day Rule" was brought to their attention by Plaintiff's Counsel on July 30, 2018, Defendants agreed to file a Joint Motion to Continue the Hearing Date on their Sanctions Motion. (Dkt. No. 25). The Parties' Joint Motion was granted by the Court on August 10, 2018 and the hearing date is now set for September 4, 2018. (Dkt. No. 30).

## II.  **BACKGROUND**

This action was originally filed on April 19, 2018. (Dkt. No. 1). Plaintiff filed the operative FAC on April 30, 2018. (Dkt. No. 3). Plaintiff's FAC concerns the deceptive labeling of the Bai Beverage Products. (See generally FAC). The Products at issue are (1.) Bai Antioxidant Infusion Brasilia Blueberry; (2.) Bai Antioxidant Infusion Burundi Blueberry Lemonade; (3.) Bai Antioxidant Infusion Costa Rica Clementine; (4.) Bai Antioxidant Infusion Ipanema Pomegranate; (5.) Bai Antioxidant Infusion Kula Watermelon; (6.) Bai Antioxidant Infusion Malawi Mango; (7.) Bai Antioxidant Infusion Sao Paulo Strawberry Lemonade; (8.) Bai Antioxidant Infusion Sumatra Dragonfruit; (9.) Bai Bubbles Sparkling Antioxidant Infusion Bolivia Black Cherry; (10.) Bai Bubbles Sparkling Antioxidant Infusion Jamaica Blood Orange; (11.) Bai Bubbles Sparkling Antioxidant Infusion Gimbi Pink Grapefruit; (12.) Bai Bubbles Sparkling Antioxidant Infusion Bogota Blackberry Lime; (13.) Bai Bubbles Sparkling Antioxidant Infusion Peru Pineapple; (14.) Bai Bubbles Sparkling Antioxidant Infusion Lambari Watermelon Lime; (15.) Bai Bubbles Sparkling Antioxidant Infusion Waikiki Coconut Lime; (16.) Bai Antioxidant Cocofusion Madagascar Coconut Mango; (17.) Bai Antioxidant Supertea Narino Peach Tea; (18.) Bai Antioxidant Supertea Paraguay Passionfruit Tea; (19.) Bai Antioxidant Supertea Rio Raspberry Tea, and; (20.) Bai Antioxidant Supertea Socorro Sweet Tea. (collectively "the Products") (FAC ¶ 63).

Each of the Products claim that they are made "with other natural flavors" and have "no artificial sweeteners." (FAC ¶¶ 27-28). The FAC alleges that "Defendants target consumer preferences for natural products that do not contain synthetic ingredients by stating on their website that 'Bai uses only natural flavors without artificial sweeteners to create our fresh, delicious, 5-calorie beverages for consumers who desire better alternatives to high-calorie drinks full of processed synthetic ingredients not found in nature.'" (FAC ¶ 54). Plaintiff alleges that "[a]ll of the Products, however, contain a synthetic chemical flavoring compound identified as

'malic acid'" and that "[t]his 'malic acid' is an inexpensive synthetic chemical used in processed food products to make the taste like tangy fresh fruit - like blueberries, lemons, mangos, or cherries, for example." (FAC ¶ 31).

Plaintiff purchased the Products multiple time since 2012, most recently at the Costco Wholesale store located at 951 Palomar Airport Road, Carlsbad, California. (FAC ¶ 90). Plaintiff's most recent purchase was on or about July 2016. (FAC ¶ 91). "Plaintiff's most recent purchase of the Product was a variety pack for a marked retail price of $19.99, which contained fifteen (15) 18-fluid ounce plastic bottles including the 'Brasilia Blueberry,' 'Kula Watermelon,' 'Ipanema Pomegranate,' and 'Costa Rica Clementine' flavored Products." (FAC ¶ 92).

Plaintiff alleges that "[t]he Products' labels violate California and federal statute and state common law in multiple regards." (FAC ¶ 32). "First, because each Product contains additional flavoring ingredients that simulate and reinforce the characterizing flavor, the front label is required by law to disclose those additional flavors rather than misleadingly suggest that the Product is flavored only by natural fruit juices. Cal. Health & Saf. Code § 109875 *et seq.*, (Sherman Law), incorporating 21 C.F.R. § 101.22." (FAC ¶ 33). "Second, the Products' ingredient list violates federal and state law because it misleadingly identifies the malic acid flavoring ingredient only as the generic 'malic acid' instead of using the specific, non-generic name of the ingredient." (FAC ¶ 34) (citing 21 C.F.R. § 101.4(a)(1)). "Even more deceptive, however, is the fact that the Products, rather than being flavored only with natural juices and flavors as the labels suggest, contain an undisclosed artificial flavor made from petrochemicals" called d-l-malic acid. (FAC ¶¶ 35-36). "This 'malic acid' is not naturally-occurring but is in fact manufactured in petrochemical plants from benzene or butane—components of gasoline and lighter fluid, respectively—through a series of chemical reactions, some of which involve highly toxic chemical precursors and byproducts." (FAC ¶ 37).

-4-

Plaintiff alleges that Defendants have violated California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL") and Plaintiff brings further causes of action for fraud, negligent misrepresentation, and for breach of express and implied warranties. (*See generally* FAC). Plaintiff seeks to represent a class of "[a]ll U.S. citizens who purchased the Products in the United States on or after January 1, 2012 until the date class notice is disseminated, excluding Defendants and Defendants' officers, directors, employees, agents, and affiliates, and the Court and its staff." (FAC ¶ 105). Plaintiff also seeks to represent a California Sub-Class of "[a]ll California citizens who purchased the Products in California on or after January 1, 2012 until the date class notice is disseminated, excluding Defendants and Defendants' officers, directors, employees, agents, and affiliates, and the Court and its staff." (FAC ¶ 106).

### III.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 11 is intended to ensure that allegations in a pleading are not wholly frivolous. *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 393 (1990). As such, it is a weapon seldom used, and "must be read in light of concerns that it will … chill vigorous advocacy." *Id*. Under Rule 11, an attorney is only required to "conduct a reasonable inquiry into the law and facts before filing a pleading in a court and to certify that the claims contained therein are not frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Q-Pharma, Inc. v. Andrew Jergens Co*., 360 F.3d 1295, 1300 (Fed. Cir. 2004). Motions for sanctions under Rule 11 thus face a heavy burden. *See Zaldivar v. Los Angeles*, 780 F.2d 823, 829-832 (9th Cir. 1986). A Complaint violates Rule 11 only if it is "both baseless and made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co*., 78 F.3d 431, 434 (9th Cir. 1996) (quoting *Townsend v. Holman Consulting Corp*., 929 F.2d 1358, 1362 (9th Cir. 1990)).

Under Federal Rule of Civil Procedure 11, an attorney who presents a signed pleading to the court certifies that – to the best of the attorney's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" – "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…" Fed. R. Civ. P. 11(b). Rule 11 sanctions should only be granted where (1) a complaint is objectively "'legally or factually baseless,'" and (2) the filing attorney failed to conduct "'a reasonable and competent inquiry before signing and filing it.'" *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc*., 286 F.3d 1118, 1127 (9th Cir. 2002)). Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss. *See* Fed. R. Civ. P. 11 advisory committee's note (1993 Amendments). Finally, Rule 11(c)(2) allows a Court to award reasonable expenses, including attorney fees, to the prevailing party on the motion for sanctions. *See* Fed. R. Civ. P. 11(c)(2); *see also Simpson v. California Pizza Kitchen, Inc.*, No. 13-CV-164 JLS (JMA), 2013 WL 12114487, at *5 (S.D. Cal. Oct. 23, 2013) ("The nonmovant need not bring a cross motion to request costs.").

## IV.   ARGUMENT

### A.  Plaintiff's First Amended Complaint Is Not Objectively Baseless

Plaintiff's FAC sets forth plausible claims for relief.  In fact, other courts in this District have declined to dismiss similar cases involving the alleged use of d-l-malic acid as an artificial flavoring ingredient. *See, e.g., Allred v. Frito-Lay N. Am., Inc.*, No. 17-CV-1345 JLS (BGS), 2018 WL 1185227 (S.D. Cal. Mar. 7, 2018) ("*Frito-Lay*"); *Allred v. Kellogg Co.*, No. 17-CV-1354-AJB-BLM, 2018 WL 1158885, at *2 (S.D. Cal. Feb. 23, 2018) ("*Kellogg*") ("regarding the malic acid, Allred discusses the process to create artificial malic acid and alleges defendants use the artificial version of malic acid, 'd-l-malic acid,' in the product. Kellogg argues Allred's allegations only raise a possibility that the ingredients being are

-6-

1    artificial. However, the allegation's truthfulness is a summary judgment hurdle. The

2    Court, at the pleading stage, does not operate as a fact finder, but must presume all

3    facts pled as true."). Defendants' Sanctions Motion here is nothing more than a

4    thinly veiled motion for summary judgment. Defendants ask the Court to make a

5    factual determination that "defendant Bai uses l-malic acid in the Products." (Dkt.

6    No. 24-1 at 2:4-6). However, Plaintiff has conducted testing on Bai Products and

7    Plaintiff's expert, Dr. Laszlo Somogyi, has confirmed that three of the Products have

8    tested positive for the D Isomer of Malic Acid. (Marron Decl., ¶ 6; Somogyi Decl.,

9    ¶¶ 13-16). Moreover, Dr. Somogyi has opined that "[t]he small amount of d-malic

10   acid indicates that it was used for flavoring purposes in the products" and that such

11   a "small amount would not function as [an] acidifier." (Somogyi Decl., ¶ 17). This

12   evidence shows that Plaintiff sets forth plausible claims for relief and that his

13   allegations are not objectively baseless.

14        It appears that Defendants did not even know what was in the Bai Products

15   before selling them to consumers and embarking on their deceptive "better-for-you

16   beverages" advertising scheme. (FAC ¶¶ 20, 69, 80). Plaintiff's counsel has asked

17   Defendants to provide affidavits under oath that no D-Malic acids were used in the

18   Bai Products during the Class Period. (Marron Decl., ¶ 3 & Ex. 1). As of the date of

19   this filing, Defendants have refused to provide affidavits under oath stating that no

20   D-Malic acids were used in the Bai Products during the Class Period nor have

21   Defendants provided any documentation showing that they were even aware of what

22   type of malic acid was used in the Bai Products before selling the Products to

23   consumers. (Marron Decl., ¶ 5). Instead, Defendants have only provided testing that

24   was performed on two bottles of the Products months after this lawsuit was filed.

25   (Dkt. No. 24-2, Declaration of Creighton R. Magid in Support of Defendants'

26   Motion for Sanctions ("Magid Decl."), ¶ 6). Dr. Somogyi has opined that

27   Defendants' test results "are unreliable because d-malic acid was only tested for in

28   the amount of .05 g/l or greater. D-malic acid in the amount of less than .05 g/l would

indicate that d-malic acid was used for flavoring purposes in the products." (Somogyi Decl., ¶ 18).

   To determine whether Defendants used artificial d-l-malic acid in the Bai Products during the entirety of the proposed class period, Plaintiff intends to seek discovery from Defendants and their third-party ingredient suppliers who may have further knowledge about the type of malic acid that was placed in the Products. *See, e.g., Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted."); *Davison v. Santa Barbara High School District*, 48 F.Supp.2d 1225, 1228 (C.D. Cal. 1998) ("If the moving party could obtain the missing detail through discovery, [a motion to dismiss] should be denied."). It would therefore be premature at this stage for the Court to determine that Plaintiff's claims are objectively baseless. *Remington v. Mathson*, No. 17-CV-02007-JST, 2017 WL 3421966, at *5 (N.D. Cal. Aug. 9, 2017) ("The Court declines to make these important factual and legal determinations upon a motion for sanctions at this early stage in the case[.]") (citing *Bighorn Capital, Inc. v. Security Nat'l Guaranty, Inc.*, No. C 15-03083 SBA, 2015 WL 9489897, at *4-5 (N.D. Cal. Dec. 29, 2015) (denying motion for sanctions as premature, noting "'[a]lthough dismissal of baseless claims is theoretically available under Rule 11,' a dispositive motion (e.g., for judgment on the pleadings) is a more appropriate vehicle to test the legal sufficiency of a cause or causes of action.") (quoting *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 224 F.R.D. 70, 74 (D. Me. 2007))).   Because Plaintiff's allegations are not objectively baseless, Defendants' Motion for Sanctions should be denied.

   **B.  Plaintiff's Counsel Conducted a Reasonable and Competent Inquiry**

   The case law and evidence discussed above establishes that the FAC is well-founded, but even if it were not, the Court must still deny Defendants' motion because "[a] party 'may not be sanctioned for a complaint that is not well-founded,

-8-

so long as [it] conducted a reasonable inquiry.'" *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,* No. C 09-5235 MMC, 2013 WL 684915, at *1 (N.D. Cal. Feb. 25, 2013) (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996)).

Whether an inquiry was reasonable depends on all relevant circumstances, including counsel's knowledge of the applicable law. *See* Standard and Guidelines for Practice under Rule 11 of the Federal Rules of Civil Procedure [hereinafter "ABA Guidelines"] (1988), *reprinted in* 121 F.R.D. 101, 114 (1988)). Where counsel appears to have accurate knowledge of the law, in-depth investigation may not be necessary. *See Nat'l Fed'n of the Blind of Nebraska, Inc. v. Outlook Nebraska, Inc.,* No. 8:10CV418, 2011 WL 4802643, at *12 (D. Neb. Oct. 11, 2011); *C.f. Dioptics Med. Prod., Inc. v. Maui Jim, Inc.*, No. C-05-01885 MJJEDL, 2006 WL 463527, at *1 (N.D. Cal. Feb. 24, 2006) ("this case is not a model of pre-filing inquiry; in hindsight, Plaintiff could have been more thorough in its investigation prior to filing the complaint. However, this case is not so egregious as to warrant sanctions under Rule 11 because Plaintiff had some good faith basis before filing the complaint to support its allegations[.]").

Plaintiff's counsel has fulfilled their obligations of conducting a reasonable pre-filing inquiry. In November of 2016, prior to filing this suit, Plaintiff's counsel had a bottle of Bai Bubbles Guatemala Guava tested for the presence of the D Isomer of malic acid. (Marron Decl., ¶ 6). This test result showed that the Product tested positive for the D Isomer of Malic Acid in the amount of 0.010 g/ 100 ml. (Somogyi Decl., ¶ 14). Plaintiff's counsel has also conducted additional testing on the Bai Products and the test results have revealed that the Bai Antioxidant Infusion Ipanema Pomegranate and the Bai Bubbles Sparkling Antioxidant Infusion Bolivia Black Cherry have also tested positive for the D Isomer of malic acid. (Marron Decl., ¶ 6; Somogyi Decl., ¶¶ 15-16). Plaintiff's counsel has also consulted with an expert witness to verify the testing results as well as other allegations set forth in the FAC.

(Somogyi Decl., ¶¶ 1-18 & Ex. A). In addition, Plaintiff's counsel conducted the following work prior to filing this action;

- Defendants' Product labels were closely examined and analyzed prior to the suit. A review of each Product label revealed the absence of necessary disclosures in violation of Food and Drug Administration ("FDA") regulations and California's consumer protection laws. (Marron Decl., ¶ 7);

- The advertising and marketing scheme of the Products were closely analyzed prior to the suit. A review of the advertising scheme revealed a failure by Defendants to disclose material facts to Plaintiff and the Class to give consumers the false impression that the Products are composed only of natural fruits and fruit juices and not artificially flavored as they actually are. (Marron Decl., ¶ 7);

- Defendant Bai Brands' website was analyzed prior to the suit. A review of the website revealed front labels of the Products and advertising for the Products are in violation of FDA regulations and California's consumer protection laws. (Marron Decl., ¶ 7);

- Plaintiff's counsel conducted extensive research prior to the suit regarding FDA regulations and consumer preferences of natural products. (Marron Decl., ¶ 7);

- Plaintiff's counsel reviewed Securities and Exchange Commission filings and press releases to gain an understanding of Defendants' "better-for-you beverages" marketing campaign and the relationships between the corporate and individual defendants.  (Marron Decl., ¶ 7);

- Plaintiff's counsel are also familiar with the applicable law and regulations concerning malic acid and have successfully defeated motions to dismiss in other cases involved the alleged use of d-l-malic acid as an artificial

flavoring ingredient. *See, e.g., Frito-Lay*, 2018 WL 1185227; *Kellogg*, 2018 WL 1158885. (Marron Decl., ¶ 8);

In light of the Marron Firm's recognized experience in consumer protection and malic acid litigation (Marron Decl., ¶¶ 8, 13), this investigation was more than reasonable. *See Jensen Electric Co. v. Moore*, Caldwell, Rowland & Dodd, Inc., 873 F.2d 1327, 1330 (9th Cir. 1989) (reversing sanctions and finding counsel made a reasonable inquiry in part because counsel spent 11 hours with client before filing). Because the Marron Firm has conducted a reasonable pre-filing investigation, Defendants' Motion for Sanctions should be denied.

## C. Plaintiff's Counsel Should Be Awarded Reasonable Attorneys' Fees Incurred in Opposing Defendants' Motion for Sanctions

Federal Rule of Civil Procedure 11(c)(2) provides that "the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Significantly, "[t]he nonmovant need not bring a cross motion to request costs." *Simpson*, 2013 WL 12114487, at *5. "Such a request for costs, however, requires a showing similar to that required for a motion brought under Rule 11." *Id.*

Here, Defendants failed to conduct a reasonable investigation into the allegations in the FAC and the testing that was performed by Plaintiff's counsel. Defendants' counsel became aware that Plaintiff's counsel had conducted testing on the Bai Products and had retained an expert witness on July 27, 2018. (Marron Decl., ¶ 3). Instead of responding to Plaintiff's counsel's request to discuss this evidence, counsel for Defendants forged ahead and filed their Sanctions Motion with the Court in the early morning hours of Saturday, July 28, 2018. (Dkt. No. 24; Marron Decl., ¶ 4). Defendants counsel could have simply waited to file their sanctions motion until after they had a full understanding of Plaintiff's evidence. Moreover, Defendants' Sanctions Motion is improper at this early stage of the litigation because discovery in this action has not yet commenced and the factual record has not been

-11-

fully developed. *See Remington*, 2017 WL 3421966, at *5. Instead of conducting a reasonable inquiry in Plaintiff's evidence and allegations, Defendants filed a baseless sanctions motion that makes false factual assertions like "Plaintiff nor his attorneys conducted any time of pre-suit investigation into the type of malic acid contained in the Products." (Dkt. No. 24-1 at 3:12-13).

Defendants' Sanctions Motion was also brought for an improper purpose— to convert their motion to dismiss into a motion for summary judgement. Perhaps realizing the merits of Plaintiffs' allegations, *see Frito-Lay*, 2018 WL 1185227; *Kellogg*, 2018 WL 1158885, Defendants have asked this Court to look beyond the four corners of the First Amended Complaint and to dismiss this action based solely on Defendants' own flawed testing that they performed on two of the Bai Products. (Somogyi Decl., ¶ 18 (noting flaws in Defendants' testing methodologies)). Indeed, Defendants' Reply in Support of their Motion to Dismiss begins by referencing Defendants' Sanctions Motion and repeats Defendants' erroneous argument that Plaintiff failed to conduct any testing on the Products before filing suit. (Dkt. No. 26). This is precisely the type of tactic that the Federal Rules of Civil Procedure prohibit. *See* Fed. R. Civ. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Defendants also brought their Sanctions Motion to obtain early discovery on whether Plaintiff's allegations have merit without providing Plaintiff with the same opportunity to obtain necessary discovery for Defendants. This Court should decline Defendants' request to conduct discovery on a unilateral basis and deny their Motion for Sanctions.

Because Defendants' Sanctions Motion is itself sanctionable, this Court should award Plaintiff's Counsel their reasonable attorneys' fees in the amount of $7,188.50 for opposing Defendants' Motion. (*See* Marron Decl., ¶¶ 9-13).

-12-

1

## V.     CONCLUSION

2        For the foregoing reasons, Defendants' Motion for Sanctions should be

3  denied. Plaintiff respectfully requests that the Court award his counsel $7,188.50 in

4  attorneys' fees that were reasonably incurred in opposing Defendants' Sanctions

5  Motion.

6

7

8  Dated: August 21, 2018                    Respectfully submitted,

9

10                                          */s/ Ronald A. Marron*
                                            RONALD A. MARRON
11

12                                          **LAW OFFICES OF
                                            RONALD A. MARRON**
13                                          Ronald A. Marron
                                            *ron@consumersadvocates.com*
14                                          Michael T. Houchin
                                            *mike@consumersadvocates.com*
15                                          651 Arroyo Drive
                                            San Diego, CA 92101
16                                          Telephone: (619) 696-9006
                                            Fax: (619) 564-6665
17                                          ***Counsel for Plaintiff and the Proposed
                                            Class***
18

19

20

21

22

23

24

25

26

27

28

*Branca v. Bai Brands, LLC, et al.*, Case No. 3:18-CV-00757-BEN-KSC
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION FOR SANCTIONS