**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN BRANCA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAI BRANDS, LLC, a New Jersey Limited Liability Company; DR PEPPER SNAPPLE GROUP, INC., a Delaware Corporation; LARRY YOUNG, an individual; BEN WEISS, an individual; JUSTIN TIMBERLAKE, an individual,<br><br>Defendants. | Case No. 3:18-CV-00757-BEN-KSC<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Date:   September 4, 2018<br>Time:   10:30 a.m.<br>Ctrm:   5A<br>Judge: Hon. Roger T. Benitez |

I, Ronald A. Marron, hereby declare as follows:

1. I am counsel of record for Plaintiff Kevin Branca ("Plaintiff") and the proposed class in this action. I am a member in good standing of the State Bar of California and the United States District Courts for the Southern, Central, Eastern and Northern Districts of California as well as the United States Court of Appeals for the Ninth Circuit. I submit this declaration in support of Plaintiff's Opposition to Defendants' Motion for Sanctions.

2. I make this declaration based on my own personal knowledge and if called to testify, I could and would competently testify to the matters contained herein.

3. On July 27, 2018, I sent an email to Chip Magid, counsel for the Defendants in this action, requesting his availability to discuss Defendants' anticipated Motion for Sanctions. I informed Mr. Magid that Plaintiff has "lab testing going back to 2016 on Bai Products" and that Plaintiff has had an expert witness retained since the inception of this lawsuit. I also requested that Defendants provide affidavits under oath that no D-Malic acids were used in the Bai Products during the Class Period. Attached hereto as **Exhibit 1** is a true and correct copy of my email exchange with Mr. Magid.

4. Instead of responding to my email requesting a discussion about Defendants' anticipated Sanctions Motion, counsel for Defendants went ahead and filed their Sanctions Motion with the Court in the early morning hours of Saturday, July 28, 2018.

5. As of the date of filing this Opposition to Defendants' Sanctions Motion, counsel for Defendants have not agreed to provide affidavits under oath that no D-Malic acids were used in the Bai Products during the Class Period nor have Defendants provided any documentation showing that they were even aware of what type of malic acid was used in the Bai Products before selling the Products to consumers.

6. In November of 2016, before this action was filed, Plaintiff's counsel sent a sample of a Bai Product to a well-respected food laboratory to have it tested for the presence of the D Isomer of Malic Acid. Plaintiff's Counsel also sent additional samples of Bai Products to the same laboratory for testing in June of 2018 and in July of 2018. The results of these tests have been provided to Plaintiff's expert, Dr. Laszlo Somogyi, Ph.D.

7. In addition to conducting testing on Bai Products and consulting with an expert witness about the malic acid contained in the Bai Products, Plaintiff's counsel has also performed the following work in this case prior to filing suit:

- Defendants' Product labels were closely examined and analyzed prior to the suit. A review of each Product label revealed the absence of necessary disclosures in violation of Food and Drug Administration ("FDA") regulations and California's consumer protection laws;
- The advertising and marketing scheme of the Products were closely analyzed prior to the suit. A review of the advertising scheme revealed a failure by Defendants to disclose material facts to Plaintiff and the Class to give consumers the false impression that the Products are composed only of natural fruits and fruit juices and not artificially flavored as they actually are;
- Defendant Bai Brands' website was analyzed prior to the suit. A review of the website revealed front labels of the Products and advertising for the Products are in violation of FDA regulations and California's consumer protection laws;
- Plaintiff's counsel conducted extensive research prior to the suit regarding FDA regulations and consumer preferences of natural products;
- Plaintiff's counsel reviewed Securities and Exchange Commission filings and press releases to gain an understanding of Defendants' "better-for-you beverages" marketing campaign and the relationships between the corporate and individual defendants.

1   8. Plaintiff's counsel are also familiar with the applicable law and
2   regulations concerning malic acid and have successfully defeated motions to dismiss
3   in other cases involving the alleged use of d-l-malic acid as an artificial flavoring
4   ingredient. *See, e.g., Allred v. Frito-Lay N. Am., Inc.*, No. 17-CV-1345 JLS (BGS),
5   2018 WL 1185227 (S.D. Cal. Mar. 7, 2018) ("*Frito-Lay*"); *Allred v. Kellogg Co.*,
6   No. 17-CV-1354-AJB-BLM, 2018 WL 1158885 (S.D. Cal. Feb. 23, 2018)
7   ("*Kellogg*").

8   9. Plaintiff's counsel has incurred $7,188.50 in attorneys' fees that were
9   reasonably incurred to oppose Defendants' Sanctions Motion, as set forth in Table 1
10  below.

**Table 1**

| Date | Timekeeper | Title | Description of Work Performed | Time Expended | Hourly Rate |
|---|---|---|---|---|---|
| 8/14/18 | Lilach Halperin | Post-Bar Law Clerk | Meeting with M. Houchin Re: Defendants' Motion for Sanctions | .2 | $245.00 |
| 8/14/18 | Lilach Halperin | Post-Bar Law Clerk | Drafted Opposition to Defendants' Motion for Sanctions | 3 | $245.00 |
| 8/15/18 | Lilach Halperin | Post-Bar Law Clerk | Drafted Opposition to Defendants' Motion for Sanctions | 4.5 | $245.00 |
| 8/16/18 | Lilach Halperin | Post-Bar Law Clerk | Reviewed, edited, revised, opposition to Defendants' Motion for Sanctions | 3.5 | $245.00 |
| | | | **Total for L. Halperin** | **11.2** | **$2,744.00** |

| Date | Name | Role | Description | Hours | Rate |
|---|---|---|---|---|---|
| 7/10/18 | Michael T. Houchin | Associate Attorney | Reviewed and analyzed Defendants' Motion for Sanctions | .4 | $440.00 |
| 7/18/18 | Michael T. Houchin | Associate Attorney | Meeting with R. Marron Re: Strategy for Opposing Motion for Sanctions | .3 | $440.00 |
| 8/14/18 | Michael T. Houchin | Associate Attorney | Meeting with L. Haperin Re: Defendants' Motion for Sanctions | .2 | $440.00 |
| 8/20/18 | Michael T. Houchin | Associate Attorney | Phone call with L. Somogyi re: expert declaration | .2 | $440.00 |
| 8/21/18 | Michael T. Houchin | Associate Attorney | Reviewed, edited, revised draft of Opposition to Defendants' Motion for Sanctions | 5.5 | $440.00 |
| 8/21/18 | Michael T. Houchin | Associate Attorney | Drafted Marron Declaration in Opposition to Defendants' Motion for Sanctions | 1.3 | $440.00 |
| | | | **Total for M. Houchin** | **7.9** | **$3,476.00** |
| 7/10/18 | Ronald A. Marron | Partner | Reviewed and analyzed Defendants' Motion for Sanctions | .3 | $745.00 |
| 7/18/18 | Ronald A. Marron | Partner | Meeting with R. Marron Re: Strategy for Opposing Motion for Sanctions | .3 | $745.00 |

| Date | Name | Title | Description | Hours | Amount |
|---|---|---|---|---|---|
| 8/20/18 | Ronald A. Marron | Partner | Reviewed and edited draft of opposition to sanctions motion | .4 | $745.00 |
| 8/21/18 | Ronald A. Marron | Partner | Reviewed and edited drafts of opposition to sanctions motion and Marron Declaration | .3 | $745.00 |
| | | | **Total for R. Marron** | **1.3** | **$968.50** |
| | | | **Marron Firm Total** | **20.4** | **$7,188.50** |

10. Prior to finalizing the above billing records, we carefully reviewed our hours and made cuts for time entry errors, duplications, and instances where we determined the hours should be reduced or not billed.

11. The hours set forth above do not include time that will be expended in preparing for and attending the hearing on Defendants' Motion for Sanctions.

12. My firm's requested rates fall within the average/mean range of the typical rates of a San Diego law firm that practices complex litigation. *See generally Catala v. Resurgent Capital Servs., L.P.*, 2010 U.S. Dist. LEXIS 63501, at *19 n.3 (S.D. Cal. June 22, 2010).

13. Courts have also recognized that my law firm's attorney's hourly rates are reasonable; for example:

a. On May 4, 2018, the Marron Firm's hourly rates of $745 for Ronald A. Marron, $440 for Michael Houchin and other associate attorneys, and $245 for law clerks were approved in *In re Tommie Copper Products Consumer Litigation*, Case No. 7:15-cv-03183-AT (S.D. N.Y.) (Dkt. No. 127 (declaration in support of fee motion) & Dkt. No. 129 (Final Approval Order)). In her Final Approval Order, the

Honorable Analisa Torres found that the settlement was "entered into by experienced counsel and only after extensive, arms-length negotiations conducted in good faith and with the assistance" of a mediator. (Dkt. No. 129).

b. On September 5, 2017, The Marron Firm's hourly rates of $745 for Ronald A. Marron, $440 for Michael Houchin and other associate attorneys, and $245 for law clerks were also approved in a class action captioned *Elkind et al. v. Revlon Consumer Products Corporation*, Case No. 2:14-cv-02484-AKT (E.D. N.Y) (Dkt. No. 125-2 (Declaration is Support of Fee Motion) & Dkt. No. 131 (Final Approval Order)). In her Final Approval Order dated September 5, 2017, the Honorable Judge Tomlinson stated that the settlement was "negotiated by highly capable and experienced counsel with full knowledge of the facts, the law and the risks inherent in litigating the Action and was the product of vigorously fought litigation." (Dkt. No. 131).

c. On November 16, 2015, the Honorable Maxine M. Chesney of the U.S. District Court for the Northern District of California approved the following hourly rates for attorneys at the Marron Firm in relation to approval of a class settlement: Ronald Marron at $745; Skye Resendes at $475; Kas Gallucci at $450; William Richards and Erin Minelli at $440; and law clerks at $290 in the case of *Johnson v. Triple Leaf Tea, Inc.*, Case No. 3:14-cv-10 01570-MMC (Dkt. No. 65). The Court found that the fee requested was "reasonable when judged by the standards in this circuit," and also that my firm's attorney, law clerk and staff rates were "reasonable in light of the complexity of this litigation, the work performed, Class Counsel's reputation, experience, competence, and the prevailing billing rates for comparably complex work by comparably-qualified counsel in the relevant market." Dkt. No. 65.

d. On August 6, 2015, the Honorable Kenneth R. Freeman of the Superior Court of California, County of Los Angeles approved the following hourly rates for Marron Firm attorneys: Mr. Marron at $745; Ms. Resendes at $475; Ms. Gallucci at $450; Mr. Richards at $440; and law clerks at $290 in the case of *Perry v. Truong Giang Corp.*, Case No. BC59568. In so holding, the Court noted that "the attorneys displayed skill in researching and settling this case, which provides a benefit not only to Class Members but to the public at large, and that in so doing, the attorneys undertook significant risk by spending time on this litigation on a contingency basis."

e. On August 7, 2015, the Honorable Brendan Linehan Shannon of the U.S. Bankruptcy Court for the District of Delaware approved the following hourly rates for Marron Firm attorneys: Mr. Marron at $745; Ms. Resendes at $475; Ms. Gallucci at $450; Mr. Richards and Ms. Minelli, and Beth Goodman at $440; and law clerks at $290 in the case of *In re: LEAF 123, INC (f/k/a NATROL, INC), et al.*, Case No. 14-11446 (BLS). The court found the settlement in that case "fair, reasonable and adequate," which settlement included an award of $799,000 in fees and a $1,000 incentive award for the named plaintiff.

f. On September 22, 2014, the Honorable Christina A. Snyder of the U.S. District Court for the Central District of California approved Mr. Marron's hourly rate of $715 per hour, Ms. Resendes' rate of $440 per hour, Ms. Wood's rate of $425 per hour, Ms. Minelli and Ms. Gallucci's rates of $400 per hour, and Mr. Marron's law clerk and paralegal rates of $245 and $215 per hour, respectively. *See Vaccarino v. Midland Nat. Life Ins. Co.*, 11 CV-5858-CAS MANX, 2014 WL 4782603, at ¶ 11 (C.D. Cal. Sept. 22, 2014); see also Dkt. No. 407.

g. On July 29, 2014, the Hon. Richard Seeborg of the Northern District of California approved Mr. Marron's rate at $715, Ms. Resendes at $440, Ms. Gallucci

at $400, and law clerks at $290 in *In re Quaker Oats Labeling Litig.*, No. C 10-0502 RS, 2014 WL 12616763, at *1 (N.D. Cal. July 29, 2014).

    h.    On March 13, 2014, the Honorable Gonzalo P. Curiel of the U.S. District Court for the Southern District of California approved Mr. Marron's hourly rate of $715 per hour; Ms. Resendes' rate of $440 per hour; Ms. Wood's rate of $425 per hour; Ms. Gallucci's rate of $400 per hour as an attorney; Ms. Realin's rate of $400 per hour; Ms. Galluci's and Ms. Danielle Eisner's post-Bar law clerk rate of $290 per hour; $245 per hour for law clerks, and $215 per hour for legal assistants in *Mason v. Heel, Inc.*, No. 3:12-cv-3056-GPC-KSC, 2014 WL 1664271 (S.D. Cal. Mar. 13, 2014); *see also* Dkt. Nos. 30-1 & 37.

    i.    On October 31, 2013, the Honorable Michael M. Anello of the Southern District of California awarded Mr. Marron fees of $680 per hour, Ms. Resendes fees of $400 per hour, Ms. Wood fees of $385 per hour, Ms. Minelli fees of $385 per hour, and Ms. Gallucci fees of $385 per hour in a homeopathic drug consumer class action case; and also approved $280 per hour for patent agent/post-Bar law clerks; $245 per hour for regular law clerks; and $215 hourly rates for support staff such as paralegals. *Nigh v. Humphreys Pharmacal Incorporated*, 3:12-cv-02714-MMA-DHB, 2013 WL 5995382 (S.D. Cal. Oct. 23, 2013); *see also* Dkt. No. 30.

    j.    On March 13, 2013, the Honorable David O. Carter of the Central District of California awarded me fees of $680 per hour, and Ms. Resendes fees of $400 per hour in a dietary supplement consumer fraud class action case. *Bruno v. Quten Research Inst., LLC*, No. 8:11-cv-00173-DOC-E, 2013 WL 990495, at *4-5 (C.D. Cal. Mar. 13, 2013) ("Quten") ("Class Counsel, . . . the Law Offices of Ronald A. Marron displayed competence and diligence in the prosecution of this action, and their requested rates are approved as fair and reasonable."); *see also id.* at *4 ("The Court notes that, in addition to the monetary relief obtained by Class Counsel for

-8-
*Branca v. Bai Brands, LLC, et al.*, Case No. 3:18-CV-00757-BEN-KSC
DECLARATION OF RONALD A. MARRON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

class plaintiffs, there is a high value to the injunctive relief obtained in this case. New labeling practices affecting hundreds of thousands of bottles per year, over ten years, bring a benefit to class consumers, the marketplace, and competitors who do not mislabel their products.").

k. On October 31, 2012, the Honorable John A. Houston of the Southern District of California awarded me fees of $650 per hour, and Ms. Resendes fees of $385 per hour in a homeopathic drug consumer fraud class action case. *Gallucci v. Boiron, Inc.*, No. 11-cv-2039 JAH (NLS), 2012 WL 5359485, at *9 (S.D. Cal. Oct. 31, 2012) ("The Court finds the [foregoing] hourly billing rates reasonable in light of the complexity of this litigation, the work performed, Class Counsels' reputation, experience, competence, and the prevailing billing rates for comparably complex work by comparably-qualified counsel in the relevant market.").

l. On March 13, 2012, my firm settled a case against manufacturers of OTC probiotic supplement products on behalf of a nationwide class of consumers, styled *Burton v. Ganeden Biotech, Inc. et al.*, Case No. 3:11-cv-01471-W-NLS (S.D. Cal.). A Joint Motion for Preliminary Approval of Settlement, (DE No. 38) was granted on April 16, 2012 (id. at 42), and Judge Whelan granted Final Approval on October 5, 2012 (DE Nos. 48, 52). On August 21, 2012, the Honorable Thomas J. Whelan awarded Mr. Marron fees of $650 per hour, and approved the rate of Ms. Resendes at $385 per hour, in the consumer dietary supplement class action of *Burton v. Ganeden*, No. 11-cv-1471 W (NLS), Dkt. Nos. 52, 48, 45.

m. On July 9, 2012, the Honorable Marilyn L. Huff awarded me fees of $650 per hour, and approved the rates of my associate attorneys, and Ms. Resendes at $385 per hour in the consumer food class action of *In re Fererro*, Case No. 3:11-cv-00205 H (KSC) (S.D. Cal.), DE No. 127. Judge Huff noted that the fees requested were "appropriate given the contingent nature of the case and the excellent results

obtained for the Class, and because no enhancement or multiplier was sought above the actual amount of Class Counsel's lodestar. The Court concludes the billing rates used by Class Counsel to be justified by prior awards in similar litigation and the evidence presented with their motion showing these rates are in line with prevailing rates in this District."

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on this 21st day of August, 2018 at San Diego, California.

/s/ *Ronald A. Marron*
Ronald A. Marron