1  Kent J. Schmidt (SBN 195969)
   schmidt.kent@dorsey.com
2  Navdeep K. Singh - SBN 284486
   singh.navdeep@dorsey.com
3  **DORSEY & WHITNEY LLP**
   600 Anton Boulevard, Suite 2000
4  Costa Mesa, CA 92626-7655
   Telephone: (714) 800-1400
5  Facsimile: (714) 800-1499

6  Creighton R. Magid *(admitted pro hac vice)*
   magid.chip@dorsey.com
7  **DORSEY & WHITNEY LLP**
   1401 New York Avenue NW, Suite 900
8  Washington, DC 20005
   Telephone: (202) 442-3555
9  Facsimile: (202) 442-3199

10 Elizabeth Baksh *(admitted pro hac vice)*
   baksh.elizabeth@dorsey.com
11 **DORSEY & WHITNEY LLP**
   51 West 52nd Street
12 New York, NY 10019
   Telephone: (212) 415-9200
13 Facsimile: (212) 953-7201

14 Attorneys for Defendants
   BAI BRANDS, DR PEPPER
15 SNAPPLE GROUP, INC., LARRY
   YOUNG, BEN WEISS and JUSTIN
16 TIMBERLAKE

17                    UNITED STATES DISTRICT COURT

18                    SOUTHERN DISTRICT OF CALIFORNIA

19

| | |
|---|---|
| 20  KEVIN BRANCA, on behalf of himself and all others similarly situated, | CASE NO. 3:18-CV-00757-BEN-KSC |
| 21                Plaintiff, | **DECLARATION OF CREIGHTON R. MAGID IN SUPPORT OF DEFENDANTS' REPLY TO OPPOSITION TO MOTION FOR SANCTIONS** |
| 22  v. | |
| 23  BAI BRANDS, LLC, a New Jersey Limited Liability Company; DR PEPPER SNAPPLE GROUP, INC., a Delaware Corporation; LARRY YOUNG, an individual; BEN WEISS, an individual; JUSTIN TIMBERLAKE, an individual, | |
| 27                Defendants. | |
| 28 | |

# DECLARATION OF CREIGHTON R. MAGID

I, Creighton R. Magid, hereby declare as follows:

1. I am a Partner in the law firm of Dorsey & Whitney LLP and am one of the attorneys representing the Defendants in this matter. The information contained in this declaration is based on my personal knowledge.

2. Attached hereto as Exhibit A is a true and correct copy of my August 3, 2018, email to Ronald Marron, counsel for Plaintiff.

3. Attached hereto as Exhibit B is a true and correct copy of my August 7, 2018, email to Ronald Marron.

4. Attached hereto as Exhibit C is a true and correct copy of my July 30, 2018, email to Mike Houchin, counsel for Plaintiff.

5. Attached hereto as Exhibit D is a true and correct copy of a screenshot of the "malic acid" entry on Wikipedia, accessed on August 23, 2018. The language of the Wikipedia entry is nearly identical to the language used by Dr. Laszlo Somogyi at paragraphs 11 and 12 of his Declaration.

6. On July 27, 2018, I left my office in the early afternoon to take my wife and daughter to Union Station so that they could catch a train. Mr. Marron's email of that date arrived after I had left the office for the day. Prior to leaving, I had instructed an associate in our firm's Costa Mesa office to file the Motion to Compel, since 21 days had elapsed since the motion had been served on Plaintiff and no response from Plaintiff had been received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of August, 2018, in Minneapolis, MN.

_____
Creighton R. Magid

# EXHIBIT A

| | |
|---|---|
| **From:** | Magid, Chip |
| **To:** | Ronald Marron |
| **Cc:** | Schmidt, Kent; andrea@consumersadvocates.com; Baksh, Elizabeth; mike@consumersadvocates.com; Singh, Navdeep |
| **Subject:** | RE: Branca v. Bai Beverages et al., Case No. 3:18-cv-00757-BEN-KSC_ Notice of Ex Parte Motion |
| **Date:** | Friday, August 3, 2018 5:30:00 PM |

Good afternoon, Ron.

I apologize for my tardy reply; I've been a bit under the weather this week.

I agree that sharing information should be a two-way street.  I also believe that a complaint should be based on facts, rather than conjecture.

The motion was far from a shot in the dark.  Kent wrote to you on June 4, noting that we believed that the Products contained only l-malic acid and asking you if you had information to the contrary.  Your June 8 response took Kent to task for saying that we, as recently retained counsel, were merely of the *understanding* that the Products contained l-malic acid.  Notably, however, you did not respond to our request for any information substantiating the claims in the FAC regarding the presence of d-l-malic acid in the Products.  Your non-responsiveness to our query certainly raised our suspicions, so we engaged Eurofins to test samples of the Products.  The testing confirmed that there is no d-l-malic acid in the Products.  Because you previously declined to provide any support for your claims, we drafted a Rule 11 motion and served it on you – but did not file it – pursuant to the Rules.  At that point, you could have provided us test data, or an expert opinion, or whatever you deemed appropriate.  But you did not.  Instead, you let the full 21 day safe-harbor period run, then sent a letter *asserting* that you had test data, but not *providing* any such test data.  Under the circumstances, it made sense to go forward with the motion the following morning.  (Given that the motion had been in your hands for 21 days, I'm not sure how you can conclude that the motion was a *response* to your email.)

All of that aside, we're more than willing to engage in a reasonable informal exchange of documents.  We unilaterally provided you with our test results.  Will you not provide your test results to us?

Very best regards,

Chip

**From:** Ronald Marron <ron@consumersadvocates.com>
**Sent:** Monday, July 30, 2018 2:27 PM
**To:** Magid, Chip <Magid.Chip@dorsey.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; andrea@consumersadvocates.com; Baksh, Elizabeth <baksh.elizabeth@dorsey.com>; mike@consumersadvocates.com; Singh, Navdeep <singh.navdeep@dorsey.com>
**Subject:** Re: Branca v. Bai Beverages et al., Case No. 3:18-cv-00757-BEN-KSC_ Notice of Ex Parte Motion

Hi Chip:

I think the tension is that we feel that sharing information should be a two way street. We have requested information, and jurisdictional discovery and you have refused to cooperate.

We have always said we would share information in an informal setting prior to discovery available in Court after the Rule 26f conference.

Instead, you decided to up the ante and file a motion for sanctions as a shot in the dark, either hoping we hadn't done testing/consulting on the science or to force us to disclose the information we have.

We believe my email mentioning testing and expert opinion is what prompted your rush filing later that night in violation of Local Rules.

We ask that you withdraw your motion for sanctions and cooperate informally on the exchange of information. That is the civil and professional manner in which we should conduct ourselves as officers of the Court.

Thank you.

Ron


On Mon, Jul 30, 2018 at 10:35 AM <Magid.Chip@dorsey.com> wrote:

> Good morning, Mike.
>
> Rather than going to the effort of bringing an ex parte motion, why don't we agree on a new hearing date and then either file a stipulation or a joint motion?
>
> Also, we're very interested in discussing your evidence regarding the presence of d-l-malic acid in the Products; we've been asking for some time whether you had any basis for your claims.  Ron's previous correspondence didn't indicate that you had conducted any testing.
>
> Ron's most recent email came in the late afternoon on the 21st day after we served our motion on you.  We've shared our test results.  Please send us your evidence (if any) regarding the presence of d-l-malic acid in the Products.
>
> Very best regards,
>
> Chip
>
> **From:** Mike Houchin <mike@consumersadvocates.com>
> **Sent:** Monday, July 30, 2018 1:23 PM
> **To:** Magid, Chip <Magid.Chip@dorsey.com>; Baksh, Elizabeth <baksh.elizabeth@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>
> **Cc:** Ronald Marron <ron@consumersadvocates.com>; Andrea Vasquez <andrea@consumersadvocates.com>
> **Subject:** Branca v. Bai Beverages et al., Case No. 3:18-cv-00757-BEN-KSC_ Notice of Ex Parte Motion
>
> Counsel,

Pursuant to Local Civil Rule 83.3(g)(2), this email serves to inform you that Plaintiff will be filing an *ex parte* motion to continue the hearing date on Defendants' Motion for Sanctions that was filed on <u>Saturday, July 28, 2018</u>.

 The basis for this motion will be that Defendants failed to follow Local Rule  7.1(e)(1), which requires "a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed."  The hearing date on Defendants' Motion for Sanctions is set for August 13, 2018, which violates the Southern District of California's "28-day rule."

Plaintiff also needs additional time to respond to Defendants' Motion. As indicated in Mr. Marron's email dated July 27, 2018, Plaintiff has conducted laboratory testing on the Bai Products and has retained an expert witness. Instead of accepting Mr. Marron's invitation to discuss these issues with us, you went ahead and filed your sanctions motion without giving Plaintiff sufficient time to respond and in violation of the Court's Local Rules. Because you failed to conduct a "reasonable inquiry" into our evidence before filing your sanctions motion, Plaintiff will be seeking attorneys' fees and costs incurred in opposing your motion pursuant to Rule 11(c)(2).

Plaintiff intends to file his *ex parte* motion by the end of the day today.


--

*Sincerely,*



*Mike Houchin*

*Associate Attorney*


**Law Offices of Ronald A. Marron**

651 Arroyo Drive

San Diego, CA 92103

Telephone: 619.696.9006

Facsimile: 619.564.6665

-------------------------------

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files, or previous e-mail messages attached to it, may contain confidential information that is legally privileged and exempt from disclosure under applicable law.  If you are neither the intended recipient nor responsible for delivering the message to the intended recipient, please note that any dissemination, distribution, copying, storing, or the taking of any action in reliance upon the message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us via e-mail at admin@consumersadvocates.com or by telephone at (619) 696-9006.  In addition, please

destroy the original transmission and any attachments without reading them or saving them to disk or any other storage medium whatsoever.

# EXHIBIT B

| | |
|---|---|
| **From:** | Magid, Chip |
| **To:** | Ronald Marron |
| **Cc:** | Schmidt, Kent; andrea@consumersadvocates.com; Baksh, Elizabeth; mike@consumersadvocates.com; Singh, Navdeep |
| **Subject:** | RE: Branca v. Bai Beverages et al., Case No. 3:18-cv-00757-BEN-KSC_ Notice of Ex Parte Motion |
| **Date:** | Tuesday, August 7, 2018 5:48:00 PM |

Dear Ron:

Thank you for your August 4 email.

I agree with you that it makes sense to avoid burdening the court and to show our cards regarding what type of malic acid is in the Products. I've provided test results, and I am willing to provide the l-malic acid certificate from Bai's supplier. In exchange, I ask that you provide us with whatever test results you have, as well as the expert opinion you mentioned. My clients and I will review the information you provide. If the evidence warrants it, we will certainly withdraw the Rule 11 motion. As it stands now, however, you wish to debate the threshold level at which d-l-malic acid would constitute a "characterizing flavor," rather than acknowledging that the Eurofins test results show that the malic acid in the Products is l-malic acid, rather than d-l-malic acid as you allege in your complaint.

I fail to see the connection between the core issue of malic acid and your desire for jurisdictional discovery. The two are unrelated. Discovery at this stage, moreover, would be putting the cart before the horse. Unless you have evidence that the malic acid in the Products is synthetic malic acid, the jurisdictional and other matters do not matter. Let's work together to address the malic acid issue first, and other issues if they become necessary later.

Very best regards,
Chip

**From:** Ronald Marron <ron@consumersadvocates.com>
**Sent:** Saturday, August 4, 2018 10:51 PM
**To:** Magid, Chip <Magid.Chip@dorsey.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; andrea@consumersadvocates.com; Baksh, Elizabeth <baksh.elizabeth@dorsey.com>; mike@consumersadvocates.com; Singh, Navdeep <singh.navdeep@dorsey.com>
**Subject:** Re: Branca v. Bai Beverages et al., Case No. 3:18-cv-00757-BEN-KSC_ Notice of Ex Parte Motion

Hi Chip:

We don't agree with your characterization of our communications, and note that we informed you that we had testing and expert opinion prior to your filing of the Rule 11 sanctions motion. Differences notwithstanding, we will continue to attempt to cooperate with your side.

The information that Plaintiff seeks is the previously requested jurisdictional and ingredients

discovery. If you agree to engage in limited jurisdictional and ingredients discovery, we would be willing to provide testing results, and expert opinion on same.

Is that an agreeable compromise? If not, you are just prolonging a potential resolution and burdening the Court with matters not reasonably subject to dispute. Let's show our cards, it can be in an informal setting if you prefer.

The Eurofins data you presented is not probative for 3 reasons. First, the testing criteria of D-l Malic Acid is set at a high concentration level, much lower levels of D-l Malic acid can be attributed as being a "characterizing flavor", thus the sensitivity should be set much lower. Secondly, supporting the lack of sensitivity of the Eurofins testing is that it takes merely a drop of D-l Malic acid in a large glass of water to be attributed as a "characterizing flavor" because there are no buffering agents (such as proteins in a milk solution) which would tend to require a higher concentration of D-l Malic Acid to be a characterizing flavor.

Lastly, our testing shows a trend of higher levels of D-l Malic Acid in the fall of 2016 than current levels. So it may be that Bai currently uses less (or in some products, perhaps none) D-l Malic Acid, perhaps as a result of the recent litigation trend challenging "natural" product claims, such as the instant suit. However, as explained above even very low concentrations of D-l Malic acid can be tasted and described as tangy or fruity in water.

Furthermore, the Eurofins testing is only a recent picture in time and the Class period in the instant action goes back 4 years from when the suit was filed and perhaps longer upon application of the discovery rule. There were no testing results provided for previous years, which raises additional questions as to the credibility of your motion for sanctions.

Let me know if you would like to discuss further.

Thank you for your consideration.

Regards,

Ron


On Fri, Aug 3, 2018 at 2:30 PM <Magid.Chip@dorsey.com> wrote:

> Good afternoon, Ron.
> I apologize for my tardy reply; I've been a bit under the weather this week.
> I agree that sharing information should be a two-way street. I also believe that a complaint should be based on facts, rather than conjecture.
> The motion was far from a shot in the dark. Kent wrote to you on June 4, noting that we believed that the Products contained only l-malic acid and asking you if you had information to the contrary. Your June 8 response took Kent to task for saying that we, as recently retained counsel, were merely of the *understanding* that the Products contained l-malic

acid.  Notably, however, you did not respond to our request for any information substantiating the claims in the FAC regarding the presence of d-l-malic acid in the Products.  Your non-responsiveness to our query certainly raised our suspicions, so we engaged Eurofins to test samples of the Products.  The testing confirmed that there is no d-l-malic acid in the Products.  Because you previously declined to provide any support for your claims, we drafted a Rule 11 motion and served it on you – but did not file it – pursuant to the Rules.  At that point, you could have provided us test data, or an expert opinion, or whatever you deemed appropriate.  But you did not.  Instead, you let the full 21 day safe-harbor period run, then sent a letter *asserting* that you had test data, but not *providing* any such test data.  Under the circumstances, it made sense to go forward with the motion the following morning.   (Given that the motion had been in your hands for 21 days, I'm not sure how you can conclude that the motion was a *response* to your email.)  All of that aside, we're more than willing to engage in a reasonable informal exchange of documents.  We unilaterally provided you with our test results.  Will you not provide your test results to us?

Very best regards,

Chip

**From:** Ronald Marron <ron@consumersadvocates.com>
**Sent:** Monday, July 30, 2018 2:27 PM
**To:** Magid, Chip <Magid.Chip@dorsey.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; andrea@consumersadvocates.com; Baksh, Elizabeth <baksh.elizabeth@dorsey.com>; mike@consumersadvocates.com; Singh, Navdeep <singh.navdeep@dorsey.com>
**Subject:** Re: Branca v. Bai Beverages et al., Case No. 3:18-cv-00757-BEN-KSC_ Notice of Ex Parte Motion

Hi Chip:

I think the tension is that we feel that sharing information should be a two way street. We have requested information, and jurisdictional discovery and you have refused to cooperate.

We have always said we would share information in an informal setting prior to discovery available in Court after the Rule 26f conference.

Instead, you decided to up the ante and file a motion for sanctions as a shot in the dark, either hoping we hadn't done testing/consulting on the science or to force us to disclose the information we have.

We believe my email mentioning testing and expert opinion is what prompted your rush filing later that night in violation of Local Rules.

We ask that you withdraw your motion for sanctions and cooperate informally on the exchange of information. That is the civil and professional manner in which we should conduct ourselves as officers of the Court.

Thank you.

Ron

On Mon, Jul 30, 2018 at 10:35 AM <Magid.Chip@dorsey.com> wrote:

> Good morning, Mike.
>
> Rather than going to the effort of bringing an ex parte motion, why don't we agree on a new hearing date and then either file a stipulation or a joint motion?
>
> Also, we're very interested in discussing your evidence regarding the presence of d-l-malic acid in the Products; we've been asking for some time whether you had any basis for your claims. Ron's previous correspondence didn't indicate that you had conducted any testing. Ron's most recent email came in the late afternoon on the 21st day after we served our motion on you. We've shared our test results. Please send us your evidence (if any) regarding the presence of d-l-malic acid in the Products.
>
> Very best regards,
>
> Chip
>
> **From:** Mike Houchin <mike@consumersadvocates.com>
> **Sent:** Monday, July 30, 2018 1:23 PM
> **To:** Magid, Chip <Magid.Chip@dorsey.com>; Baksh, Elizabeth <baksh.elizabeth@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>
> **Cc:** Ronald Marron <ron@consumersadvocates.com>; Andrea Vasquez <andrea@consumersadvocates.com>
> **Subject:** Branca v. Bai Beverages et al., Case No. 3:18-cv-00757-BEN-KSC_ Notice of Ex Parte Motion
>
> Counsel,
>
> Pursuant to Local Civil Rule 83.3(g)(2), this email serves to inform you that Plaintiff will be filing an *ex parte* motion to continue the hearing date on Defendants' Motion for Sanctions that was filed on Saturday, July 28, 2018.
>
> The basis for this motion will be that Defendants failed to follow Local Rule 7.1(e)(1), which requires "a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed." The hearing date on Defendants' Motion for Sanctions is set for August 13, 2018, which violates the Southern District of California's "28-day rule."
>
> Plaintiff also needs additional time to respond to Defendants' Motion. As indicated in Mr. Marron's email dated July 27, 2018, Plaintiff has conducted laboratory testing on the Bai Products and has retained an expert witness. Instead of accepting Mr. Marron's invitation to discuss these issues with us, you went ahead and filed your sanctions motion without giving Plaintiff sufficient time to respond and in violation of the Court's Local Rules. Because you failed to conduct a "reasonable inquiry" into our evidence before filing your

sanctions motion, Plaintiff will be seeking attorneys' fees and costs incurred in opposing your motion pursuant to Rule 11(c)(2).

Plaintiff intends to file his *ex parte* motion by the end of the day today.

--

*Sincerely,*

*Mike Houchin*

*Associate Attorney*

**LAW OFFICES OF RONALD A. MARRON**

651 ARROYO DRIVE

SAN DIEGO, CA 92103

TELEPHONE: 619.696.9006

FACSIMILE: 619.564.6665

-------------------------------

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files, or previous e-mail messages attached to it, may contain confidential information that is legally privileged and exempt from disclosure under applicable law.  If you are neither the intended recipient nor responsible for delivering the message to the intended recipient, please note that any dissemination, distribution, copying, storing, or the taking of any action in reliance upon the message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us via e-mail at admin@consumersadvocates.com or by telephone at (619) 696-9006. In addition, please destroy the original transmission and any attachments without reading them or saving them to disk or any other storage medium whatsoever.

# EXHIBIT C

| | |
|---|---|
| **From:** | Magid, Chip |
| **To:** | Mike Houchin; Baksh, Elizabeth; Schmidt, Kent; Singh, Navdeep |
| **Cc:** | Ronald Marron; Andrea Vasquez |
| **Subject:** | RE: Branca v. Bai Beverages et al., Case No. 3:18-cv-00757-BEN-KSC_ Notice of Ex Parte Motion |
| **Date:** | Monday, July 30, 2018 1:34:00 PM |

Good morning, Mike.

Rather than going to the effort of bringing an ex parte motion, why don't we agree on a new hearing date and then either file a stipulation or a joint motion?

Also, we're very interested in discussing your evidence regarding the presence of d-l-malic acid in the Products; we've been asking for some time whether you had any basis for your claims. Ron's previous correspondence didn't indicate that you had conducted any testing.

Ron's most recent email came in the late afternoon on the 21st day after we served our motion on you. We've shared our test results. Please send us your evidence (if any) regarding the presence of d-l-malic acid in the Products.

Very best regards,

Chip

**From:** Mike Houchin <mike@consumersadvocates.com>
**Sent:** Monday, July 30, 2018 1:23 PM
**To:** Magid, Chip <Magid.Chip@dorsey.com>; Baksh, Elizabeth <baksh.elizabeth@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>
**Cc:** Ronald Marron <ron@consumersadvocates.com>; Andrea Vasquez <andrea@consumersadvocates.com>
**Subject:** Branca v. Bai Beverages et al., Case No. 3:18-cv-00757-BEN-KSC_ Notice of Ex Parte Motion

Counsel,

Pursuant to Local Civil Rule 83.3(g)(2), this email serves to inform you that Plaintiff will be filing an *ex parte* motion to continue the hearing date on Defendants' Motion for Sanctions that was filed on Saturday, July 28, 2018.

The basis for this motion will be that Defendants failed to follow Local Rule 7.1(e)(1), which requires "a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed." The hearing date on Defendants' Motion for Sanctions is set for August 13, 2018, which violates the Southern District of California's "28-day rule."

Plaintiff also needs additional time to respond to Defendants' Motion. As indicated in Mr. Marron's email dated July 27, 2018, Plaintiff has conducted laboratory testing on the Bai Products and has retained an expert witness. Instead of accepting Mr. Marron's invitation to discuss these issues with us, you went ahead and filed your sanctions motion without giving Plaintiff sufficient time to respond and in violation of the Court's Local Rules. Because you failed to conduct a "reasonable inquiry" into our evidence before filing your sanctions motion, Plaintiff will be seeking attorneys' fees and costs incurred in opposing your motion pursuant to Rule 11(c)(2).

Plaintiff intends to file his *ex parte* motion by the end of the day today.

--

*Sincerely,*

*Mike Houchin*

*Associate Attorney*

**LAW OFFICES OF RONALD A. MARRON**

651 ARROYO DRIVE

SAN DIEGO, CA 92103

TELEPHONE: 619.696.9006

FACSIMILE: 619.564.6665

-------------------------------

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files, or previous e-mail messages attached to it, may contain confidential information that is legally privileged and exempt from disclosure under applicable law.  If you are neither the intended recipient nor responsible for delivering the message to the intended recipient, please note that any dissemination, distribution, copying, storing, or the taking of any action in reliance upon the message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us via e-mail at admin@consumersadvocates.com or by telephone at (619) 696-9006.  In addition, please destroy the original transmission and any attachments without reading them or saving them to disk or any other storage medium whatsoever.

# EXHIBIT D



Not logged in  Talk  Contributions  Create account  Log in

Article  Talk                                                                 Read  Edit  View history  | Search Wikipedia |

# Malic acid

From Wikipedia, the free encyclopedia

*Not to be confused with maleic acid or malonic acid.*

*"Malate" redirects here. For the district in Manila, see Malate, Manila.*

**Malic acid** is an organic compound with the molecular formula $C_4H_6O_5$. It is a dicarboxylic acid that is made by all living organisms, contributes to the pleasantly sour taste of fruits, and is used as a food additive. Malic acid has two stereoisomeric forms (L- and D-enantiomers), though only the L-isomer exists naturally. The salts and esters of malic acid are known as **malates**. The malate anion is an intermediate in the citric acid cycle.

**Malic acid**

### Contents [hide]
1 Biochemistry
2 In food
3 Production and main reactions
4 Interactive pathway map
5 See also

**Main page**
Contents
Featured content
Current events
Random article
Donate to Wikipedia
Wikipedia store

Interaction
Help
About Wikipedia
Community portal
Recent changes
Contact page

# CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System

***Kevin Branca v. Bai Brands, LLC; Dr Pepper Snapple Group, Inc.; Larry Young; Ben Weiss; and Justin Timberlake***
**Southern District of California Case Number 3:18-cv-00757-BEN-KSC**

**DECLARATION OF CREIGHTON R. MAGID IN SUPPORT OF DEFENDANTS' REPLY TO OPPOSITION TO MOTION FOR SANCTIONS**

I hereby certify that on August 28, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the Court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be automatically served by the CM/ECF system.

Dated:  August 28, 2018                        DORSEY & WHITNEY LLP

                                                  By:  */s/ Kent J. Schmidt*
                                                       Kent J. Schmidt